(57 N. W. Rep. 505.)

---

PEOPLE'S BANK OF ST. PAUL *vs.* SCHOOL DISTRICT No. 52.

Opinion filed December 16th, 1893.

### School District Bonds—Strict Compliance with Statute

Where a statute authorized the issue of municipal bonds payable in not less than 10 years from date, bonds issued thereunder, payable in 11 days less than 10 years from date, are void, even in the hands of a *bona fide* purchaser.

### Independent Liability of District.

The invalidity of such bonds does not affect the liability, if any, of the municipality, independently of the bonds.

### Bona Fide Purchasers—Notice of Law.

It is elementary that even *bona fide* purchasers of negotiable municipal securities are charged with knowledge of all the requirements of the statute under which the securities were issued.

Appeal from District Court, Stutsman County; *Rose*, J.

Action by the People's Bank of St. Paul against School District No. 52, Barnes County, to recover interest on certain bonds. There was judgment for plaintiff, and defendant appeals.

Reversed.

*Edgar W. Camp*, for appellant.

Among the provisions of law authorizing the issuance of the bonds in question, of which plaintiff was bound to take notice was the following: "The bonds may be made payable in not less than ten nor more than twenty years from their date." These bonds were dated Sept. 12th, 1884 and are payable on or before Sept. 1st, 1894. School districts have no power to issue negotiable paper save in the manner and form prescribed by law. 15 Am. and Eng. Enc. Law, 1234. *City of Benham* v. *Ger. Am. Bk.*, 144 U. S. 173; *Farmers Bank* v. *School District*, 6 Dak. 255; *Capital Bank* v. *School District*, 1 N. D. 479. It is within the power of a state to prescribe the form in which municipal bonds shall be executed in order to bind the public for their payment. If not so executed they create no legal liability. *Anthony* v. *Jasper Co.*, 101 U. S. 693; *Coler* v. *Cleburne*, 131 U. S. 162; *Norton* v. *Dyersburg*, 127 U. S. 160; *Barnum* v. *Okolona*, 13 Sup. Ct. Rep. 638. *Benham* v. *Bank*, 144 U. S. 173; *Barnett* v. *Denison*, 12 Sup. Ct. Rep. 819; *Brownell* v. *Greenwich*, 22 N. E. Rep. 24. The bonds provide for their payment at Sanborn, D. T., with New York Exchange.—It is contended that this provision rendered the bonds non-negotiable. Sections 4456, 4462, Comp. Laws. *Hughitt* v. *Johnson*, 28 Fed. Rep. 865; *Christian Co., Bank* v. *Goode*, 44 Mo. App. 129; *Windsor Savings Bank* v. *McMahon*, 38 Fed. Rep. 283; *Carroll Co. Sav. Bk.* v. *Strother*, 6 S. E. Rep. 313; *Lowe* v. *Bliss*, 24 Ill. 168; *Bank* v. *Bynum*, 84 N. C. 24; *Saxton* v. *Stevenson*, 23 Up. Can. 503; *Phila. Bk.* v. *Newkirk*, 2 Miles 442; *Read* v. *McNulty*, 78 Am. Dec. 467; *Fitzharris* v. *Leggett*, 10 Mo. App. 527; Edwards on Bills, 140.

*G. K. Andrus*, for also appellant.

Defendant having offered evidence tending to show fraud and want of consideration, the burden of proof shifted to plaintiff to show that it was a *bona fide* holder of the bonds, and that it purchased without notice of the defenses alleged. *Vosburg* v. *Diefendorf*, 119 N. Y. 357; *Farmers, etc., Nat. Bk.* v. *Noxon*, 45 N. Y.

762; *Grocers Bank* v. *Penfield,* 69 N. Y. 502; *Comstock* v. *Hier,* 73 N. Y. 273; *Seymour* v. *McKinsty,* 106 N. Y. 240. The provisions of statute authorizing the issuance of bonds must be strictly pursued and the purchaser is chargeable with notice of the requirement of law under which they are issued. *Ogden* v. *Daviess Co.,* 102 U. S. 634; *Marsh* v. *Fulton Co.,* 77 U. S. 676; *First Nat. Bk.* v. *Dist. of Doon,* 53 N. W. Rep. 301; *Hayes* v. *Halley Springs,* 114 U. S. 120; *Harshman* v. *Knox Co.,* 122 U. S. 306; *Coler* v. *Cleburne,* 131 U. S. 162.

*White & Hewit,* for respondent.

The provision for payment of currect exchange does not render the instrument non-negotiable. *Hastings* v. *Thompson,* 55 N. W. Rep. 968. *Smith* v. *Kendall,* 9 Mich. 241; *Johnston* v. *Frisbie,* 15 Mich. 286; *Bullock* v. *Taylor,* 39 Mich. 137; *Leggett* v. *Jones,* 10 Wis. 35; *First Nat. Bank* v. *Dubuque,* 52 Ia. 378; *Morgan* v. *Edwards,* 53 Wis. 599.

The statute fixing the time when the bonds should be made payable is directory. A substantial compliance is all required. *Clarke* v. *Schatz,* 24 Minn. 300; *St. Paul & M. P. B. Co.* v. *Stout,* 47 N. W. Rep. 974. The point that these bonds were not issued in the manner and form provided by law, was not raised in the court below and cannot be raised here for the first time.    1 Am. and Eng. Enc. Law, 624.

CORLISS, J. The plaintiff has recovered judgment against the defendant upon certain interest coupons of bonds issued by the defendant. That judgment is assailed here on several grounds. We find it unnecessary to allude to them all. In our judgment the bonds are void upon their face. It is elementary that power to issue such municipal securities is derived wholly from statute. The statute may prescribe the conditions on which such power shall be exercised. It may also declare what terms shall be embodied in the bonds it authorizes to be issued. The donee of the power must take it burdened with all statutory requirements, as well with respect to the terms of the bonds to be issued as with

regard to the conditions on which they may be issued. The statute authorizing defendant to issue bonds provides that they "may be made payable in not less than ten nor more than twenty years from their date." The bonds which were issued under this power were dated September 12, 1884, and were in terms payable September 1, 1894. They were therefore made payable in less than 10 years from their date. We do not see how such a bond can be regarded as being authorized by the statute. There is no more power to issue bonds payable 11 days less than 10 years from date than 9 years less. If the question is to depend upon the magnitude of the departure from the statutory requirement, it will be impossible to know where to draw the line. If we ought not to draw it at the period of 11 days, on what principle can we draw it at 30 days, or 6 months, or a year? Authority to issue bonds payable in not less than 10 years from date is not authority to issue them payable in less than 10 years. There is an eminent authority in favor of this view. *Norton* v. *Town of Dyersburg*, 127 U. S. 160, 8 Sup. Ct. 1111; *Barnum* v. *Town of Okolona*, 148 U. S. 393, 13 Sup. Ct. 638; *Brownell* v. *Town of Greenwich*, (N. Y. App.) 22 N. E. 24; *Hoag* v. *Town of Greenwich*, (N. Y. App.) 30 N. E. 842; *Potter* v. *Town of Greenwich*, 92 N. Y. 663. In the case in 148 U. S. and 13 Sup. Ct. the bonds were payable in from 11 to 17 years from date. Under the statute the time of payment was not to extend beyond 10 years from date. Therefore as to some of the bonds, the violation of the statute was only to the extent of making them payable a year later than the statute prescribed; and yet these bonds were held void on this ground. The court did not indicate that the extent of the violation was at all material to the inquiry whether the law had been disregarded. Mr. Justice Shiras, in his opinion says, "Accordingly if, in the present instance, the legislature of Mississippi, in authorizing the town of Okolona to subscribe for stock in a railroad company, and to pay for the same by an issue of bonds, prescribed that such bonds should not extend beyond ten years from the date of issuance, such limitation must be regarded as in the nature of a restriction on the power to

issue bonds.  *  *  *  Our conclusion upon the whole case is that the town of Okolona had no power to issue the bonds in suit.' While the statute refers to the date of the bonds as the period within not less than 10 years from which the bonds shall be payable, yet it may be that the true spirit of the provision requires that the time shall be computed from the time of actual issue, where interest is payable only from such time, and not from date, subject of course, to the right of an innocent purchaser to rely upon and be governed by the date of the bonds, when the bonds on their face show that they were payable in not less than 10 years from the date of issue.   But this consideration will not help the plaintiff, as it is averred in the complaint that the bonds were not only dated September 12, 1884, but were actually executed and delivered on that day.   They also bore interest from that day.   No injustice will result from a rigid enforcement of the requirements of the statute in this regard.   While the bonds are void, the holder of them can fall back upon the original tranaction, and recover.   If he has loaned money to the municipal corporation which it had authority to borrow, he can recover it in a proper action.   The want of power in such a case merely affects the form of security issued to evidence the loan.   The written obligation is void.   Whatever liability there exists independent of such obligation remains undisturbed.   *Hoag* v. *Town of Greenwich,* (N. Y. App.) 30 N. E. 842-844.

Plaintiff cannot derive any benefit from its claim that it is an innocent purchaser, because, under all the authorities, even *bona fide* purchasers of such securities are charged with knowledge of the terms of the statute under which the bonds are issued. *Barnett* v. *Denison*, 145 U. S. 136, 12 Sup. Ct. 819. In this case the terms of the statute informed the plaintiff that the bonds must be payable in not less than 10 years from their date, whereas upon their face they appeared to be, and were in fact, payable in less than 10 years from date.   We were not cited to any case holding contrary to our ruling; but we have discovered an authority in the Federal Supreme Court which at first glance would appear to be in

conflict with the later cases in that court,—*Rock Creek* v. *Strong*, 96 U. S. 271. The question presented in that case for decision was whether the bonds were void because payable 30 years and 35 days from the date of execution, when they only drew interest at the expiration of 35 days from date, or, in other words, during only the period of 30 years. The bonds were dated September 10, 1872, and were made payable 30 years from October 15, 1872. The statute provided that the bonds should be payable in not more than 30 years from date. It did not appear, as it did in this case, that the bonds were delivered the day they were dated, and, as they were not registered until October 17, 1872, there was some reason for inferring that the real date of issue was October 15, 1872. What makes the essential difference between that case and the one before us, and makes it conclusive that the real date of the bonds, as fixing the time they were to run, was October 15, 1872, is the fact that interest was payable only from that date, and not from September 10, 1872, the nominal date of the bonds. Said the court: "Their legal effect is precisely what it would have been had the date inserted been October 15, instead of September 10, 1872." Had these bonds borne interest from September 10, 1872, the case would have been entirely different. That, then, would have been their actual, as well as their nominal, date. In so far as the case is opposed to the later decisions of the same court it is, of course, in effect overruled by them.

It is urged that this specific point cannot be raised here, because it was not raised in the court below. This rule has no application where it appears that the objection could not have been obviated if made in the trial court. As plaintiff itself avers that the nominal date is also the date of execution and delivery, and therefore the actual date, there is no escape from the conclusion that the bonds are void. Nor is it true that the point was not raised below. The court, against the objection of the defendant, directed a verdict for the plaintiff. To this ruling of the court the defendant excepted. This ruling was erroneous. A verdict should have been directed for the defendant. This error

was an error of law occurring at the trial. It is properly before us. It is for this error that we reverse the order and judgment herein; the action being upon the coupons themselves, and there being no evidence on this record establishing the validity of the debt independently of these bonds. The order and judgment are reversed, and the District Court is directed to dismiss the action. All concur.