LIVINGSTON v. SCHOOL DIST. NO. 7 OF BROOKINGS CO. *et al.*

A school district bond for more than $500, reciting that it issued pursuant
to Sp. Act Feb. 21, 1879, is void, even in the hands of an innocent pur-
chaser; it being provided by the act, which authorizes bonds to the
amount of $2,000, that they shall be issued in "denominations of not
more than $500.00 nor less than $50.00."

(Opinion filed Nov. 20, 1896.)

Appeal from circuit court, Brookings county. Hon. J. O.
ANDREWS, Judge.

Action upon a school bond. Demurrer to the complaint
was overruled, and defendant school district appeals. Re-
versed.

The facts are stated in the opinion.

*Mathews & Murphy*, for appellant.

The bond sued on is void for the reason that it is in greater
denomination than $500. Bank v. School Dist., (N. D.) 57 N.
W. 787; Norton v. Town of V., 127 U. S. 160; Barnum v. Town
of O., 148 U. S. 383; Brownell v. Town of Greenwich, 22 N. E.
24; Hoag v. Town of Greenwich, 30 N. E. 842; Potter v. Town
of Greenwich, 92 N. Y. 663; Antony v. Jasper Co., 101 U. S.
693; 15 Am. & Eng. Encyc. of Law, 1225. *Bona fide* purchasers
of municipal securities are charged with knowledge of all the

requirements of the statute under which they were issued; and where, as in this case, the bond recites the act under which it was issued, they are bound to take notice of its provisions. Brown v. Bon Homme County, 1 S. D. 216, 46 N. W. 173; Ogden v. County of Davies, 102 U. S. 634; McClure v. Township of Oxford, 94 U. S. 429; Fish v. City of Kenosha, 26 Wis. 29; City of Aurora v. West, 22 Id. 89.

*Cheever & Hall* and *Mellette & Case,* for respondent.

The officers having authority to issue bonds for the purpose, not exceeding in amount $2,000, the denomination of the bond is not material, and the variation was a mere unprejudicial irregularity. Town v. Bank, 21 N. Y. 171; Bank v. City, 18 N. W. 63. See, also, Yesler v. City of Seattle, 25 Pac. 1015; Town v. Bank, 21 N. E. 168; Atchinson v. DeKay, 13 Sup. Ct. Rep. 706; 148 U. S. 591. Bonds which contain sufficient recitals are not invalid in the hands of an innocent holder for value because in excess of statutory limits. 15 Am. & Eng. Encyc. of Law, 1304; Sherman Co. v. Simons, 109 U. S. 735; 1 Dill. Mun. Corp. § 513; Color v. Rhoda Sch. Twp., 6 S. D. 640, 63 N. W. 158.

HANEY, J. Defendant appeals from an order overruling its demurrer to the complaint. In the view we shall adopt, but one of numerous objections to the complaint will need to be considered. The action is upon a bond issued by the defendant school district, pursuant to a special act of the territorial legislature, passed and approved February 21, 1879. The complaint contains copies of the bond and special act. The bond bears date May 28, 1879. It is for $1,400, payable to Ledyard & Farwell, or order on May 28, 1889, with interest at 10 per centum, payable annually, and recites that it is issued under and in pursuance of the special act, and a vote of the district taken under its provisions. Said act contains the following: "Sec. 4. Such school district shall not vote for or issue bonds exceeding the sum of $2,000.00, and such bonds shall be issued

in denominations of not more than $500.00, nor less than $50.00"
It is alleged that no other bond was issued by defendant under
the special act. Is this one void for the reason that it is in a
greater denomination than $500? That plaintiff is a *bona fide*
holder does not affect the question. Every man is charged
with notice of that which the law requires him to know, and
that which, after being put upon inquiry, he might have ascer-
tained by the exercise of reasonable diligence. Every dealer
in municipal bonds which upon their face refer to the statute
under which they were issued is bound to take notice of the
statute and of all its requirements. Comp. Laws, § 4743;
Brown v. Bon Homme Co., 1 S. D. 216, 46 N. W. 173; McClure
v. Township of Oxford, 94 U. S. 429; People's Bank of St. Paul
v. School Dist. No. 52, (N. D.) 57 N. W. 787. The original
payee and every subsequent purchaser of the bond was referred
by its recitals to the provisions of the act, which alone author-
ized its existence. It is in a denomination not authorized by
such act. If, for that reason, the bond is void, there can be no
innocent holder, because the imperative command of the statute
stamps its impress of invalidity upon the bond itself.

No question of fact is involved; nothing but a question of
law: What construction shall be given the statute? The bond
does not comply therewith. Is the provision in respect to de-
nomination a limitation upon the power conferred, or merely a
direction as to the manner of its exercise? Upon the answer to
this question depends the validity of the security in the hands
of even a *bona fide* holder. It was held in North Dakota that
where a statute authorized the issue of municipal bonds, pay-
able in not less than 10 years from date, bonds issued thereun-
der, payable in 11 days less than 10 years from date, are void,
even in the hands of a *bona fide* purchaser. People's Bank of
St. Paul v. School Dist. No. 52, 57 N. W. 787. That decision
rests upon sound reason and abundant authority. We can dis-
cover no difference in principle between it and the case at bar.
"If," in the language of Mr. Justice CORLISS, "the question is

to depend upon the magnitude of the departure from the statu-
tory requirement, it will be impossible to know where to draw
the line." Assuming $1,400 were required to pay for defend-
ant's school house, and, as alleged in the complaint, such house
was furnished by the original payees, by whom the bond was
taken without discount, it may be suggested that the district
could not be affected by the fact that payment was made with a
single bond of $1,400, when there should have been two of $500
each, and one of $400; Doubtless, in this particular instance
the materiality of the difference is not apparent, but the wisdom
of the requirment does not concern this court. There are cases
in which the denomination of municipal securities is a matter of
vital importance,—a matter peculiarly within the legislative
discretion. Should the court disregard the plain provisions of
this special statute, and substitute its own notions of public
policy for those adopted by the legislature, a way would be
open for the annulment of all restrictions upon the exercise of
municipal powers.

There is much practical wisdom in the observation of Chief
Justice TRIPP in the case of Dartmouth Sav. Bank v. School
Dists. Nos. 6 and 31, 6 Dak. 332, 43 N. W. 826. He says:
"While courts are disposed to protect the rights of innocent
purchasers, and to uphold commercial paper, the rights of a
people will be much better protected, and the principles of
commercial law sufficiently extended, by requiring all persons
dealing with public officers and public corporations to inquire
into their powers, and see that they are authorized to enter in-
to the contract they assume to make." Defendant's officers and
the original payees of the bond sued upon, either wantonly or
through inexcusable carelessness, disregarded an express pro-
vision of law. Plaintiff purchased the bond with notice of such
conduct on their part, and cannot complain if compelled to suf-
fer the consequences. The district was clothed with power to
issue bonds of a certain and clearly defined description. It was
not authorized to issue bonds of any other description. There

was want of power to issue such a bond as the one sued upon. Therefore, the bond was void. This is not a case of irregular exercise of power, as in National Tube Works Co. v. City of Chamberlain, 5 Dak. 54, 37 N. W. 761. Whether plaintiff should be allowed to amend, and allege such facts, if he can, as will permit him to recover for the reasonable value of the building furnished to and retained by defendant, will not be decided at this time. We deem it unwise to anticipate the issues which might be raised by such an amendment. Considering that the allegations of the complaint are insufficient to warrant a recovery upon any theory, the order appealed from is reversed, and the cause is remanded for further proceedings according to law.