LIVINGSTON v. SCHOOL DISTRICT No. 7 OF BROOKINGS COUNTY.

1. The holder of a bond issued for the erection of a school house, which is void because issued in excess of the amount allowed by statute, may recover as on a *quantum meruit* the value of the school house erected, where it has been retained for continuous use by the school district.

2. In an action for the value of a school house erected from the proceeds of a bond void because in excess of the amount allowed by statute, it is proper to allege the successive preliminary steps taken by the school board in strict conformity with the act authorizing the issuance of bonds, so that the court may require such performance on the part of the school district as law and equity will permit.

(Opinion filed August 31, 1898.)

Appeal from circuit court, Brookings county. Hon. JULIAN BENNETT, Judge.

Action by C. Livingston against school district No. 7 of Brookings county, to recover the value of a school house. From an order overruling a general demurrer to the complaint, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Mathews & Murphy*, for appellant.

*Cheever & Hall*, and *Geo. W. Case*, for respondent.

FULLER, J. Ruled by the decision of this court (Livingston v. School District, 9 S. D. 345, 69 N. W. 15) declaring a certain bond made the basis of that action unauthorized and void, plaintiff now seeks to recover, as on a *quantum meruit* the value of a school house in settlement for which said bond was issued, and which the defendant has ever since retained. If, upon the theory adopted by the pleader, the action is main-

tainable, the complaint is sufficient, and the order appealed from, overruling a general demurrer, will be sustained. The facts fully stated in the amended complaint and our former opinion disclose, in the form of a bond, a contract apparently in harmony with public policy; founded on a moral consideration. executed as evidence of an indebtedness within the corporate power of appellant, but void as an obligation, because its denomination is in excess of the amount allowed by statute. For the purposes of this appeal it is conceded by the demurrer that, pursuant to contract, a school house worth $1,400 was erected and furnished by a predecessor of respondent's assign or, which appellant duly accepted and has ever since retained for the continuous use of the district, and the exact question to be determined is whether. under such a state of fact, respondent is entitled to recover the reasonable value of the building of which appellant has thus received the full benefit. While the doctrine denying relief to all who contract with reference to a subject-matter *malum in se* is well recognized, the rule that, where a contract is merely *malum prohibitum,* courts will take notice of circumstances, and in the interest of common honesty grant such relief as justice and equity ·may require, rests as securely upon principle, and is equally sustained by authority. In Pittsburgh, C. & St. L. Ry. Co. v. Keokuk & H. Bridge Co., 131 U. S., at page 389, 9 Sup. Ct. 776, the court citing numerous cases in support of the proposition, say: ''A contract made by a corporation, which is unlawful and void because beyond the scope of its corporate powers, does not, by being carried into execution, become lawful and valid, but the proper remedy of the party aggrieved is by disaffirming the contract, and suing to recover, as on a *quantum meruit* the

value of what the defendant has actually received the benefit of." It would violate the plainest rules of good faith to permit appellant, without any consideration, to retain everything of value received in exchange for a bond executed by itself in a denomination unauthorized; and, while respondent cannot recover upon the instrument, he is entitled to relief against it. Union Hardware Co. v. Plume & A. Mfg. Co., 58 Conn. 219, 20 Atl. 455; State v. Dickerman (Mont.) 40 Pac. 698; Pimental v. City of San Francisco, 21 Cal. 352; Hoag v. Town of Greenwich (N. Y. App.) 30 N. E. 842; People's Bank of St. Paul v. School District No. 52, 3 N. D. 496, 57 N. W. 787. It seems unnecessary to go into the authorities, but we cite the following additional cases in support of the proposition that some relief consistent with the complaint in this action may be granted where a bond executed pursuant to a contract honestly performed turns out to be void for the want of power on the part of a school district to issue the same; Paul v. City of Kenosha, 22 Wis. 266; Central Transp. Co. v. Pullman's Palace-Car Co., 139 U. S. 24, 11 Sup. Ct. 478; Argenti v. City of San Francisco, 16 Cal. 256; Thompson v. Lambert, 44 Iowa, 239; Reese, Ultra Vires, p. 113, and cases in great number there collated. Although no enforceable right emanates from the bond, it was proper to allege the successive preliminary steps taken by the board in strict conformity with a special act authorizing the district to issue its bonds for the erection of a school house, so that the court may require performance on the part of appellant as nearly in accordance with the terms of the contract as the law and equity will permit. State Board of Agriculture v. Citizens' St. Ry. Co., 47 Ind. 407; Brown v. City of Atchison (Kan. Sup.) 17 Pac. 465. The order appealed from is affirmed.