## DRING v. ST. LAWRENCE TOWNSHIP.

An appeal lies from a judgment, though there has been no motion for new trial.

A bill of exceptions is not essential to an appeal from a judgment.

Under the direct provisions of Rev. Code Civ. Proc. § 445, no appeal bond is required of any incorporated town or city when it is a party directly interested in the appeal.

An instrument signed by the trial court suppressing the bill of exceptions in the case was ineffectual for any purpose where it was not attested.

The direction of a verdict after receiving additional evidence without renewing the motion for a direction made before such evidence was received was at least irregular.

In an action by the holder of township bonds to recover the amount of the debt represented thereby, in which defendant claimed that the bonds were void as making the township debt exceed the constitutional limitation, the irregularity of directing a verdict for plaintiff, after receiving additional evidence as to the amount in the township treasury when the bonds were issued, without renewal of the motion to direct which was made before such evidence was received, may be disregarded as not affecting any substantial right, in view of Rev. Code Civ. Proc. § 153, forbidding reversals for errors not affecting substantial rights.

Under Rev. Civ. Code, § 2415, providing that acquiescence in error takes away the right of objecting, defendant cannot object to the direction of a verdict for plaintiff after the introduction of additional evidence, without renewing the motion therefor, where he did not object at the time.

Laws 1891, p. 196, c. 80, entitled "An act authorizing civil town-

ships to sink artesian wells for public purposes and to issue bonds therefor," authorized the construction of such wells at public expense, and the issuance of bonds for that purpse by a township.

Under Const. art. 13, § 4, prohibiting the debt of any town or other subdivision from exceeding 5 per centum of the assessed value of the taxable property therein, if the existing indebtedness of a township equaled or exceeded the constitutional limitation when township bonds were issued to construct wells, the township or its officers had no power to incur any further indebtedness, and the bonds would be void.

If the existing indebtedness of defendant township equaled or exceeded the limitation imposed by Const. art. 13, § 4, providing the debt of any town, etc., shall never exceed 5 per centum of the assessed value of its property, when artesian well bonds were issued by the township, a holder could not recover any part of the indebtedness represented by such bonds, there being a total want of power to incur the indebtedness, but, if defendant was not then indebted to the extent of the limitation, the holder could recover, as for money had and received, up to the amount of such limitation; the bonds being merely the evidence of an indebtedness which may subsist, though they are lost or destroyed.

Where, in an action on bonds issued by a township to construct artesian wells, the evidence was conflicting as to whether the township indebtedness then exceeded the constitutional limitation, it was error to direct a verdict for either party.

(Opinion filed, Sept. 4, 1909.)

Appeal from Circuit Court, Hand County. Hon. LYMAN T. BOUCHER, Judge.

Action by Katherine Dring against the Township of St. Lawrence, a municipal corporation. From a judgment for plaintiff on a directed verdict, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

*A. K. Gardner* and *John Pusey,* for appellant. *J. H. Cole,* for respondent.

HANEY, P. J. It is disclosed by the pleadings and evidence that in April, 1891, the electors of the defendant township attempted to authorize the issuing of bonds for the purpose of constructing artesian wells agreeable to the provisions of chapter 80, p. 196, Laws 1891; that on January 7, 1893, township bonds to the amount of $5,000 were delivered to Thomas Dring; that nothing has been paid on account of such bonds except annual interest from 1893 to 1898, inclusive, and $490 paid to the plaintiff in February, 1905;

Vol. 23 S. D. 40

that plaintiff is the owner and holder of such bonds; that the money received from the sale of the bonds was used by the defendant for the purpose of constructing artesian wells; and that in another action between the parties to this suit the bonds were adjudged to be invalid, the ground of their invalidity not appearing. On the trial, both sides having rested, the plaintiff moved for a directed verdict for $7,545, the amount claimed in her complaint. Defendant moved for a directed verdict in its favor upon all the issues. Thereupon the plaintiff applied for and was granted leave to introduce additional testimony touching the amount of cash in the township treasury when the bonds were delivered, as shown by the treasurer's records, and the court, without any renewal of either motion, directed a verdict in favor of the plaintiff for $3,959.61. No objection was interposed by defendant to the reopening of the case to the additional evidence, or to the direction of the verdict on the ground of plaintiff's failure to renew her motion. Judgment having been entered upon the verdict, defendant appealed therefrom and from the order denying its application for a new trial.

Respondent moved to dismiss the appeal on the following grounds; (1) That the attorneys who perfected the same were not authorized to appear for the defendant; (2) that "the files and papers on the purported motion for a new trial were served and filed after the time allowed by law had expired and without any order of court or good cause shown"; (3) that no proper bill of exceptions was ever settled or allowed; (4) that the lower court made no order fixing the amount of an undertaking on appeal; and (5) that no undertaking on appeal has been served or filed. As we understand the record, there is no foundation in fact to support the first ground of the motion. The second ground is untenable because an appeal lies from a judgment in absence of any application for a new trial. The same is true of the third ground, a bill of exceptions not being essential to an appeal from a judgment. And the fourth and fifth grounds are without merit because no undertaking was required. Rev. Code Civ. Proc. § 445. So the motion to dismiss cannot be sustained.

Respondent insists there are no reviewable assignments of error because what purports to be a bill of exceptions, not having been properly settled, was suppressed by the circuit court. Among

the papers received from the circuit clerk is an instrument signed b y the learned circuit judge expressly suppressing the bill of exceptions. Whether or not such instrument was inadvertently signed need not be considered, for the reason that it has not been attested, and is therefore ineffectual for any purpose. Stephen v. Faus, 20 S. D. 367, 106 N. W. 56. The contention that the exceptions were not settled within the time allowed by law, or order of the trial court is not sustained by the record. Though it certainly was irregular to direct a verdict after receiving additional evidence without the renewal of either party's motion, such irregularity under the circumstances of this case should be disregarded as not affecting any substantial right. Rev. Code Civ. Proc. § 153. Moreever, "acquiescence in error takes away the right of objecting to it." Rev. Civ. Code, § 2415. Undoubtedly this slight defect in procedure would have been cured had attention been called to it.

The contention that the defendant corporation was not authorized by the statute to incur debts for the purpose of constructing artesian wells clearly is untenable. Chapter 80, p. 196, Laws 1891, was entitled "An act authorizing civil townships to sink artesian wells for public purposes and to issue bonds therefor." The act itself cannot be otherwise construed than as authorizing the construction of artesian wells at public expense, and as authorizing the issuing of bonds for the purpose of constructing the same. There was not, therefore, so far as the statute is concerned, a total want of power to incur obligations arising from the construction of artesian wells for public purposes. Section 4, article 13, of the state Constitution, is as follows: "The debt of any county, city, town, school district or other subdivision, shall never exceed five per centum upon the assessed value of the taxable property therein. In estimating the amount of indebtedness which a municipality or subdivision may incur, the amount of indebtedness contracted prior to the adoption of this Constitution shall be included." In a case strikingly analogous to the one at bar under a constitutional limitation in effect the same as the one here involved, the Supreme Court of the United States, speaking by Mr. Justice Miller, used this language: "The language of the Constitution is that no city, etc., 'shall be allowed to become indebted in any manner or for any purpose to an amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of its taxable prop-

erty. · It' shall not· become indebted. .Shall not incur any pecuniary liability.· ·It· shall not ·do this in any manner. Neither by bonds, nor notes,· ·nor by express or implied promises. Nor shall it be done for· any · purpose. ·No matter how urgent, how useful, how unanimous the wish. There stands the existing indebtedness to a given amount in relation to the sources of payment as an impassable obstacle to the creation of any further. debt in any manner, or for any· purpose whatever. If this. prohibition is worth anything, it is as effectual against the implied as the express promise and is as binding in ·a court of chancery as a court of law." Litchfield v. Ballou, 114 U. S. 190, 5 Sup. Ct. 820. If, when these bonds were delivered, the existing indebtedness of the defendant township equalled or exceeded the constitutional limitation, the township was without power to incur any indebtedness whatever. Its officers were without authority to bind the corporation by any promise, express or implied, and the plaintiff ought not to recover. Any other conclusion would render the limitation wholly nugatory. Under such circumstances there would be a total want of power, not an irregular exercise of power as in a case where the corporation is authorized to incur an indebtedness, but does not comply with the law as to the form of its obligations. Livingston v. School Dist., 9 S. D. 345, 69 N. W. 15; Id., 11 S. D. 150, 76 N. W. 301. Though no valid municipal obligation may exist in violation of the constitutional limitation, bonds are but the evidence of an indebtedness, and may be defective, lost, or destroyed without impairment of the debt itself. Therefore, if defendant was not, at the time, indebted to the extent of the limitation, plaintiff should recover as for money had and received, though .she failed to recover in a suit on the bonds. This, we understand, was the view taken by the learned circuit court. So the important question on this appeal is whether the evidence justified the verdict. The money sought to be recovered was received by the defendant .January 7, 1893. Five per centum upon the assessed· value of the taxable property within the township, as shown by the last preceding assessment, was $6,475. .It is conceded .there was a bonded indebtedness of $3,000, leaving the limit of new indebtedness at the time stated $3,475, subject to further reduction by other existing indebtedness less whatever cash may have been in the treasury. Concerning the other indebtedness, the record is indefinite and un-

certain, where there should be no room for controversy, and as to the amount of cash on hand there is a direct conflict, there being testimony tending to prove an overdraft on January 7, 1903, while plaintiff's attorney testified that the treasurer's records disclosed an "apparent" balance of $1,926.29. Clearly the evidence was not such as justified the verdict returned or the direction of a verdict in favor of either party.

The judgment of the circuit court is reversed, and a new trial ordered.