ANGELINE MALHEREK, Appellant, v. THE CITY OF FARGO, a Municipal Corporation, Respondent.

(191 N. W. 951.)

**Appeal and error — procedure adopted by parties during trial cannot be attacked in appellate court as erroneous.**

1. Where during the course of a trial the parties adopt a certain procedure, they cannot in the appellate court assert that such procedure was erroneous.

**Municipal corporations — knowledge of police officer of condition of icy sidewalk held not notice thereof to municipality.**

2. Chapter 70, Laws 1915, provides: "All municipalities in the state of North Dakota shall be absolutely exempt from all liability to any person for damages for injuries suffered or sustained by reason of accumulation of snow and ice upon sidewalks within such municipality, unless *actual knowledge* of the defective, unsafe, or dangerous condition of such sidewalk or crosswalk shall have been possessed by the mayor, board of city commissioners, police officer, or marshal of such municipality forty-eight hours previous to such damage or injury, and such actual knowledge shall in no case be presumed from the fact of the existence of such condition, but in all cases the same shall be proved as an independent fact." In the instant case it is held the trial court was correct in ruling that, as a matter of law, plaintiff had failed to show the *actual knowledge* required by the statute.

Opinion filed December 22, 1922. Rehearing denied January 16, 1923.

Appeal and Error, 4 C. J. § 2635 p. 718 n. 31; Municipal Corporations, 28 Cyc. p. 1389 n. 9; p. 1498 n. 5; p. 1507 n. 58.

From a judgment of the District Court of Cass County, *Cole, J.,* plaintiff appeals.

Affirmed.

*Taylor Crum,* for appellant.

*Spalding & Shure,* for respondent.

---

Note.—On liability of municipal corporation for injuries from snow or ice on sidewalk, see note in 13 A.L.R. 17. See also 13 R. C. L. 412; 4 R. C. L. Supp. 815.

As to the liability of municipal corporations because of injuries sustained on icy sidewalks, see note in 47 Am. Rep. 746, 747.

CHRISTIANSON, J. This action was brought to recover damages for injuries which plaintiff claims she sustained on the evening of January 11, 1921, as a result of an accumulation of ice on a sidewalk in the city of Fargo, in this state. The case came on for trial in the district court of Cass county, before a jury empaneled to try the same. Certain witnesses were sworn in behalf of the plaintiff, and at a certain point of the trial, the question arose as to whether the plaintiff had, or had not, established such knowledge on the part of an officer of the city, as to charge it with liability under chapter 70, Laws 1915, which reads as follows:

"All municipalities in the state of North Dakota shall be absolutely exempt from all liability to any person for damages for injuries suffered or sustained by reason of the accumulation of snow and ice upon sidewalks within such municipality, unless actual knowledge of the defective, unsafe, or dangerous condition of such sidewalk or crosswalk shall have been possessed by the mayor, board of city commissioners, police officer, or marshal, of such municipality forty-eight hours previous to such damage or injury, and such actual knowledge shall in no case be presumed from the fact of the existence of such condition, but in all cases the same shall be proved as an independent fact. In no event shall any municipality in this state be liable in damages for any injury occasioned through the mere slippery condition of such sidewalk or crosswalk due to the presence of frost or loose snow thereon."

The evidence adduced by the plaintiff on this point consisted of the testimony of one Keefe, who was a member of the police force of the city of Fargo, at the time the plaintiff claims to have been injured, and of one Loucks. According to the allegations in the complaint, the accident occurred on the "cement sidewalk on the north side of Second avenue north, in said defendant city at a point therein and thereon opposite to and south of that certain house known and designated as number 201, Fourth street north, in said city of Fargo, the said sidewalk being along the south side of the west 50 feet of lot numbered one in block numbered eleven of Keeney & Devitt's Addition to the said city of Fargo."

Keefe testified that he lived in the house immediately north of the house described in the complaint. That at the time of the accident and for some time prior thereto his hours of service on the police force

were from 4:00 o'clock in the afternoon until midnight. That in walking to and from his work he would walk in a westerly direction on the sidewalk on the north side of Second avenue, north, and that he generally took "a short cut" from his house to this sidewalk.

The following sketch visualizes the place of the alleged accident the house occupied by the policeman, and the route traveled by him in going to and from his work.

1—Keefe's Residence.
2—House in front of which accident occurred.
3—Sidewalk used by Keefe in going to his work.
4—Sidewalk on which accident occurred.
5—General course of route taken by Keefe as "short cut."

Keefe testified that he was familiar with the locality generally, and also familiar with the house in front of which the accident is said to have occurred. There is no evidence, however, that Keefe had any knowledge of the existence of any accumulation of snow and ice on the sidewalk, nor is there any evidence that there was any accumulation of ice and snow thereon. As has already been stated, Keefe testified that in going to and from his work, he generally took a short cut from his house to the sidewalk running in a westerly direction, on the north side of 2d avenue north. The evidence does not disclose the exact point at which he reached the sidewalk when taking such "short cut." The plaintiff introduced evidence tending to show that there was a heavy snow fall on the 31st day of December; the accident is said to have occurred on the 11th of January. There is no evidence to show that Keefe ever walked over the sidewalk in question, at any time intervening these dates. So far as the evidence here shows, Keefe walked from his house across 4th street to some point on the sidewalk running on the north side of Second avenue, south, and proceeded thereon in a westerly direction to his work; and, of course, in going to his work, his back would be toward the place where the accident is said to have occurred. It is true, that in returning from his work, he would be facing in that direction, but as already stated, the evidence shows that he returned from his work after midnight. The testimony of Loucks is to the effect that he slipped and fell on the sidewalk the same day that the plaintiff was injured, and that he reported this fact to the city authorities that same day.

During the examination of the plaintiff, when she was asked some questions with reference to, or leading up to, the alleged accident, the attorney for the defendant objected on the ground, that the plaintiff should first show actual knowledge on the part of the city, of the defective, or dangerous condition of the sidewalk, as required by the statute heretofore quoted. Upon this objection being made, the court clearly indicated that he did not believe this objection to be well taken; that the question of actual knowledge on the part of the city would not be material until the fact of the accident had been established. The city attorney, thereupon, reiterated his contention that the evidence relating to the accident or injury complained of, was immaterial until knowledge on the part of the city had been established. Plaintiff's

counsel thereupon stated: "I think there is something in what Mr. Shure, defendant's attorney, says, and *there is no need to take up time here*. It is all a matter of the order of proof, and I will withdraw this witness just for the present."

The plaintiff thereupon placed upon the stand, the witness Keefe, and next the witness Loucks. While the witness Loucks was upon the stand, the court said:

"Mr. Loucks has testified that he went down about 11 o'clock, I believe, the day she claimed the accident happened and notified the city; now, that disposes of that proposition; now have you anything further, Mr. Crum, by anyone else upon the knowledge within the statutory time of the city?"

Mr. Crum (plaintiff's attorney): "No."

Mr. Crum: "I state this, *the only evidence we have as to the knowl-edge of the city, or of the policeman, is that this policeman walked there every day; and Mr. Loucks went down and notified them; that is all the evidence we have got.*"

The court thereupon directed the jury to retire. After jury had retired, the court said:

"The court must, to the best of its understanding, apply the law and interpret it as it understands the law to be. In my view of the law of this case there is not a sufficient basis here for proceeding with this case. In other words, that under the statute of 1915, under the proof that has been put in on the part of the plaintiff, it is not sufficient to bring actual knowledge to the City of Fargo, through any of its officers from which it would have actual knowledge, and for that reason the court is of the opinion that there is no foundation for proceeding with the trial of the case further on its merits. What was your objection, Mr. Shure?"

Some further colloquy was had and the court made a further statement with respect to its interpretation of the statute under consideration, and adhered to the opinion already expressed, that the proof offered on the part of the plaintiff was insufficient to establish actual knowledge on the part of the city of the alleged defects, or dangerous condition, of the sidewalk within the time required by the statute. The defendant's counsel thereupon said:

"The effect of that ruling, as I understand it, is that the testimony

adduced from the witness Keefe is not sufficient to go to the jury as to his knowledge."

To this the court replied: "Yes; that is the position of the court."

Plaintiff's counsel thereupon said:

"We knew in the beginning that no policeman on the force would ever admit knowing anything; but we assumed that they would all be honest, without any reflections on them; and we further assumed that when we showed that a policeman was living right in the immediate locality and walked up and down there every day that that would be sufficient evidence of his knowledge to go to the jury as to whether he would have knowledge of it, of course, if that is not sufficient evidence to go to the jury there is no case here."

The court thereupon reiterated its former statement to the effect that the testimony of the witness Keefe did not establish actual knowledge as required by the statute. The jury was thereupon called in, and the court said: "Now, I suppose under the ruling of the court there is only one thing to do, that is dismiss the action."

The court thereupon proceeded to, and did, discharge the jury and ordered a dismissal of the action.

On this appeal, appellant urges that the court erred in ordering a dismissal of the case; that in any event he was entitled to have the cause submitted to the jury under provisions of chapter 133, Laws 1921.

In our opinion, the question of the propriety of the procedure is not involved. As has been noted, plaintiff's counsel specifically acquiesced in the suggestion made by defendant's counsel, that it was incumbent upon the plaintiff to prove knowledge on the part of some officer of the city, required by chapter 70, Laws 1915, before any evidence relating to the accident could be admitted. This acquiescence by plaintiff's counsel was after the trial court had clearly indicated its views to the contrary. Plaintiff's counsel, in his statement, indicated that this procedure was desirable as "there is no need to take up time here." It will also be noted that plaintiff's counsel specifically admitted that he had no further evidence of any kind to offer, which would tend to establish actual knowledge on the part of the city, within the purview of chapter 70, Laws 1915. Some time subsequent to the dismissal of the action, plaintiff moved the court in the alternative that the order of dismissal be vacated, or the question whether the evidence adduced

on the part of the plaintiff was a sufficient showing of actual knowledge on the part of the police officer Keefe, so as to make that question one of fact for the jury be certified to the supreme court for determination. That was the only question which plaintiff asked to have certified and was the only question purported to be certified to this court, for determination. No question was raised as to the regularity or propriety of the procedure adopted in the district court. See Malherck v. Fargo, 48 N. D. 1109, 189 N. W. 245. In our opinion the record as a whole clearly indicates that the plaintiff agreed that the question whether she had made sufficient proof of actual knowledge required under chapter 70, Laws 1915, should be determined, as an independent proposition, before the parties should be put to the trouble and expense of introducing evidence on the other questions involved, such as the extent of injuries, etc.,—evidence which would avail plaintiff nothing if she was unable to establish the actual knowledge on the part of some officer of the city as required by chapter 70, Laws 1915. Hence the question of the regularity or propriety of the practice adopted is not before us. The parties are controlled by the record which they made. It is a maxim of our jurisprudence that "acquiescence in error takes away the right of objecting to it." Comp. Laws, 1913, § 7250; Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359; Dring v. St. Lawrence Twp. 23 S. D. 624, 122 N. W. 664; Farr v. Semmler, 24 S. D. 290, 123 N. W. 835; Whaley v. Vidal, 26 S. D. 300, 128 N. W. 381. Also that "he who consents to an act is not wronged by it." Comp. Laws, 1913, § 7249; State v. Hayes, 23 S. D. 596, 122 N. W. 652; Gorman v. Madden, 27 S. D. 319, 131 N. W. 290, Ann. Cas. 1916D, 842.

The sole question, therefore, presented on this appeal is whether the trial court was correct in ruling that the evidence adduced by the plaintiff was insufficient to show actual knowledge of the alleged dangerous or defective condition of the sidewalk by one of the officers of the city as required by chapter 70, Laws 1915. In our opinion, the trial court was correct in so holding. While we do not believe that the statute requires such knowledge to be established by direct evidence, it does require a party, who seeks to recover damages from a city, occasioned by an accident, due to ice and snow on a sidewalk, to establish *actual knowledge* of the defective, unsafe, or dangerous condition of the sidewalk, by the mayor, board of city commissioners, police officer, or mar-

shal of the municipality, forty-eight hours previous to the injury. The statute further expressly provides that such actual knowledge shall in no case be presumed from the fact of the existence of the condition, but that the same, in all cases, must be proved as an independent fact. It is the duty of the court to give effect to this statute. It is a matter of common knowledge that this statute was enacted to change the rule formerly existing, as declared by this court in Jackson v. Grand Forks, 24 N. D. 601, 45 L.R.A.(N.S.) 75, 140 N. W. 718. If the rule now in force is as contended for by plaintiff's counsel, then the rule has not been changed. In this case there is no testimony, direct or circumstantial, to the effect that the policeman Keefe knew of any accumulation of ice or snow upon the sidewalk. It follows, therefore, that the plaintiff failed to establish the essential fact required by chapter 70, Laws of 1915, in order to impose liability upon the city, and the trial court was correct in so ruling.

On the oral argument plaintiff's counsel suggested that he might, or would, have been able to supply any possible defect in the proof, provided the trial had been permitted to continue in the usual way. As has already been noted, his statement to the trial court was to the contrary. He informed the trial court that he had no more evidence tending to establish actual knowledge on the part of the city. The trial court did not even suggest, let alone compel, the adoption of the procedure of which plaintiff now complains. The trial court permitted the parties to formulate their own procedure, and ruled upon the questions they presented under it. No showing was made in the trial court either that the statement of plaintiff's counsel upon the trial was erroneous, and that he, plaintiff, in fact had (and through inadvertence failed to offer), other evidence tending to establish actual knowledge on the part of Keefe, or some other officer of the city; or that such evidence has been discovered subsequent to the trial.

Affirmed.

BIRDZELL, Ch. J., and ROBINSON, J., concur.

BRONSON, J. (specially concurring). I feel constrained to concur by reason of the position taken by plaintiff's counsel when questioned by the court concerning the extent of his evidence and its effect with

reference to actual knowledge. I do not commend the practice, however, of disposing a cause of action upon statements of counsel and not upon the evidence presented in an orderly and logical way.

### On petition for rehearing.

CHRISTIANSON, J. Plaintiff has petitioned for a rehearing. Attention is called to certain allegations in the complaint, relating to the construction and location of the sidewalk where the accident occurred, and the condition of the roof and gutter on the house immediately adjacent thereto. In plaintiff's brief on this appeal it is said that these conditions "unquestionably caused large quantities of melted snow-water to be discharged upon the sidewalk in question, which, under the climatic conditions of Fargo, would necessarily result in covering said sidewalk with thawing and freezing snow and ice." And it is contended that the conditions thus alleged state a cause of action for actionable negligence, wholly outside of the scope of chapter 70, Laws 1915. In our opinion, this contention is not well founded. Chapter 70, Laws 1915, by its express terms, applies to all cases where injury has been sustained by reason of the accumulation of snow and ice upon a sidewalk. No distinction is made between a case where the accumulation is due to natural causes and where it is due to artificial conditions. The statute applies as well in the one case as in the other. According to the averments of the complaint, the accumulation of ice and snow was the primary and direct cause of whatever injury plaintiff may have sustained. Hence, the case falls within the provisions of chapter 70, Laws 1915.

It is also contended that the court erred in concluding that the plaintiff, in effect, consented to the peculiar procedure adopted upon the trial of the case. The facts upon which this conclusion is based were fully set forth in the former opinion and a reconsideration of the question has not altered our views.

Rehearing denied.