W. L. VANNETT, Plaintiff and Appellant, v. REILLY-HERZ AUTOMOBILE COMPANY, Defendant, SCANDINAVIAN-AMERICAN NATIONAL BANK (Third Party Claimant), Respondent.

(173 N. W. 466.)

**Appeal and error — trial procedure.**

1. Where a party adopts a certain mode of procedure and induces the trial court to try and determine certain questions, he will not be heard to say on appeal that the procedure was erroneous.

**Warehousemen — attachment of warehousemen's receipt — title to goods covered by same.**

2. The indorsement and delivery of a warehouseman's negotiable receipt by the original holder thereof passes the title to the goods covered by such receipt to the indorsee, and thereafter the original holder has no attachable interest in the goods.

Opinion filed May 5, 1919.

Appeal from Ward County, *Leighton,* J.

Plaintiff appeals.

Affirmed.

*W. H. Sibbald,* for appellant.

Section 3142, Comp. Laws 1913, provides: "The title of goods and

---

NOTE.—The question of issuance and delivery by warehouseman of receipt for his own property as a constructive transfer of possession essential to a valid pledge is discussed in notes in 16 L.R.A.(N.S.) 227; 30 L.R.A.(N.S.) 552; and 52 L.R.A. (N.S.) 754, where it seems to be well settled that one who has deposited goods in a public warehouse may pledge them to another by the simple delivery to the pledgee of the warehouse receipt.

On receipts of warehousemen and their transfer and negotiability, see note in 84 Am. Dec. 752.

chattels stored with a public storage company or any public warehouse shall pass to a purchaser or pledgee by the indorsement or delivery to him of the storage company's or warehouseman's negotiable receipt therefor, signed by the party to whom such receipt was originally given, or by an indorsee of such receipt, subject to all liens and charges thereon for warehousing, advanced charges, and insurance."

"A warehouse receipt is a written acknowledgment by the warehouseman that he holds certain goods in storage for the person for whom the writing is issued." 49 Cyc. 407. Hale v. Milwaukee Dock Co. 29 Wis. 432, 9 Am. Rep. 603; Sinsheimer v. Whitely, 111 Cal. 389, 52 Am. St. Rep. 192, 43 Pac. 1109.

"Warehouse receipts should be construed in accordance with the rules applicable to the consideration of contracts in general, and established in accordance with commercial usage." 40 Cyc. 412; Drudge v. Leiter, 18 Ind. App. 694, 63 Am. St. Rep. 359, 49 N. E. 34.

"In the absence of an agreement to the contrary, the usage of a particular business, it is held, may be presumed to have entered into and formed a part of the contracts and understandings of persons engaged in such business and those who deal with them." Morningstar v. Cunningham, 110 Ind. 328, 59 Am. Rep. 211.

"Usage in a particular trade or business cannot control an express contract, but it is presumable, when a contract is ambiguous, that it was made with reference to a known usage or ordinary course of the particular business. In such case the known and ordinary course of the particular business may be proved, to raise a presumption that the transaction was in conformity therewith." Lyon v. Lenen, 106 Ind. 567.

"The indorser of a warehouse receipt after its transfer by him has no interest in the property represented by it which is subject to attachment." Adamson v. Frazier, 40 Or. 273, 66 Pac. 810.

"The warehouse receipts for the grain stored with plaintiff on account of Cameron & Company stood and represented the property, and their transfer was a valid transfer of the commodity itself, so that at the time of the attachment Cameron & Company did not own the wheat

covered by the receipts and had no attachable interest therein." Citing State v. Koshland, 25 Or. 178, 35 Pac. 32; Anderson v. Mills Co. 37 Or. 483, 60 Pac. 839.

"Instruments of this kind are *sui generis*. From long use in trade they have come to have, among commercial men, a well-understood meaning. And the indorsement or assignment of them as absolutely transfers the general property of the goods and chattels therein named as would a bill of sale." Millhiser Mfg. Co. v. Gallego Mills Co. 101 Va. 579, 44 S. E. 760; Hale v. Milwaukee Dock Co. 23 Wis. 276, 99 Am. Dec. 169.

"By the weight of authority, notice to the warehouseman of the transfer of the receipt is not necessary to give validity to the assignment, even where the receipt runs to the bailor personally, without the words 'order' or 'bearer.'" 40 Cyc. 416; Durr v. Hervey, 44 Ark. 301, 51 Am. Rep. 594.

*Greenleaf, Wooledge, & Lesk,* for Scandinavian-American Bank.

CHRISTIANSON, Ch. J. On May 11, 1917, the defendant automobile company delivered to the Hodgins Transfer & Storage Company, a public warehouse company, at Minot, North Dakota, three certain Elgin automobiles. And on that same day the storage company issued and delivered to the defendant three certain warehouse receipts acknowledging the receipt of said automobiles from the defendant for storage. On May 15, 1917, the defendant automobile company indorsed and delivered these warehouse receipts to the Scandinavian-American National Bank of Minneapolis, Minnesota,—said bank having paid the defendant automobile company the sum of $2,515.35 for a certain draft secured by these receipts. On June 12, 1917, the plaintiff commenced this action to recover of the defendant automobile company the sum of $250, and caused the said three automobiles then in storage with the Hodgins Transfer & Storage Company to be seized under a warrant of attachment. The Scandinavian-American National Bank thereupon caused to be made and served the affidavits of its assistant cashier and of one of its attorneys, setting forth its title and right of possession to said automobiles and the value thereof as provided by § 7550, Comp. Laws 1913. The plaintiff's attorney thereupon served upon the attorneys for the said Scandinavian-American National Bank a notice that

42 N. D.—39.

the plaintiff "elects to take issue with the third party claim filed by you in the above-entitled matter, and that the matter of the motion of said bank as third party claimant to certain property attached, for the dismissal of said attachment and other relief, will be brought on for hearing before the Honorable K. E. Leighton, Judge," at a time and place specified in said notice. The matter thereafter came on for hearing pursuant to plaintiff's notice of motion. The Scandinavian-American National Bank submitted the two affidavits already referred to, and the plaintiff submitted the depositions of the president and manager, and the bookkeeper of said storage company. These depositions are to the effect that the warehouse receipts were issued on the day that the automobiles were left with the storage company for storage, and that the company had never been notified of the change of ownership of the automobiles. The trial court made an order and judgment was entered thereon, sustaining the title of the Scandinavian-American National Bank to the automobiles, and plaintiff has appealed therefrom.

Appellant challenges the propriety of the procedure, and contends that the Scandinavian-American National Bank had no right to move to discharge the attachment. It is contended that under the statute the right to so move is conferred only upon the defendant or a "person who has acquired a lien upon or interest in the property after it was attached," and that inasmuch as the Scandinavian-American Bank concededly obtained its interest in the property long prior to the attachment thereof, it was required to assert its rights by an independent action for the possession or conversion of the property. It is unnecessary to determine the procedural question raised. Manifestly the appellant is in no position to predicate error upon the method of procedure adopted; for he formulated the procedure. The Scandinavian-American Bank merely acquiesced in the procedure proposed by the plaintiff. Why plaintiff should complain because the court determined the matter which he asked it to determine upon the motion which he noticed is incomprehensible. "He who consents to an act is not wronged by it." Comp. Laws 1913, § 7249. And "acquiescence in error takes away the right of objecting to it." Comp. Laws 1913, § 7250; 4 C. J. 717; Walton v. Olson, 40 N. D. 571, 170 N. W. 107.

Appellant next contends that the trial court erred in sustaining the claim of the bank. There is no dispute as to the facts. It is conceded

that the Hodgins Transfer & Storage Company was a public warehouse company operating under the provisions of §§ 3138 et seq., Compiled Laws 1913. It is undisputed that it received the automobiles from the defendant for storage, and that it issued to it certain warehouse receipts. The receipts acknowledged that the storage company had received from the defendant certain specified automobiles for storage. The receipts contained, among others, the following provisions: "Under no circumstances will any goods covered by this warehouse receipt be delivered unless *indorsed on back thereof* or surrendered entirely and non-negotiable receipt given." It is undisputed that the Scandinavian-American National Bank on May 15, 1917, actually paid to the defendant automobile company $2,515.35, and that at that same time and as part of the same transaction the defendant indorsed and delivered to the bank the three warehouse receipts issued by the storage company covering the three automobiles involved in this action.

Section 3142, Comp. Laws 1913, reads: "The title of goods and chattels stored with a public storage company or in a public warehouse shall pass to a purchaser or pledgee, by the indorsement and delivery to him of the storage company's or warehouseman's negotiable receipt therefor, signed by the party to whom such receipt was originally given, or by an indorsee of such receipt, subject to all liens and charges thereon for warehousing, advanced charges and insurance."

In view of this statute it is difficult to understand where there is any room for argument as to the rights of the Scandinavian-American National Bank. Under the plain terms of the statute the indorsement and delivery to it of the storage company's negotiable receipt passed title to the property and to such receipts to the bank. St. Anthony & D. Elevator Co. v. Dawson, 20 N. D. 18, 23, 126 N. W. 1013, Ann. Cas. 1912B, 1337. See also State ex rel. Hart-Parr Co. v. Robb-Lawrence Co. 17 N. D. 257, 16 L.R.A.(N.S.) 227, 115 N. W. 846.

Appellant contends, however, that the warehouse receipts involved in this action do not conform to the requirements of § 6886, Comp. Laws 1913, and hence are not negotiable. Section 6886, supra, reads as follows: "An instrument to be negotiable must conform to the following requirements:

"1. It must be in writing and signed by the maker or drawer.

"2. Must contain an unconditional promise or order to pay a sum certain in money.

"3. Must be payable on demand, or at a fixed or determinable future time.

"4. Must be payable to order or to bearer; and,

"5. Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

This section is part of the Negotiable Instruments Act. It defines the instruments which are covered by that act. By its very nature a warehouse receipt could not conform to the provisions of § 6886, supra. For instance, it manifestly could not "contain an unconditional promise to pay a certain sum in money." The function of a warehouse receipt is entirely different from that of a bill or note. Such receipt is not a contract for the payment of, nor is it evidence of an obligation to pay, money. It is the written acknowledgment by the warehouseman that he has received and holds the goods therein described for the person to whom it is issued. 40 Cyc. 407. The contract on the part of the warehouseman is for the performance of a certain duty with respect to the goods stored. The receipt is a symbol of ownership of the goods covered by it. And when the statute speaks of a "warehouseman's negotiable receipt," the word "negotiable" is not "used in the sense in which it is applied to bills of exchange and promissory notes, but only as indicating that in the passage of warehouse receipts through the channels of commerce the law regards the property which they describe as following them, and gives to their regular transfer by indorsement the effect of a manual delivery of the things specified in them. Such statutes serve to dispense with notice to the warehouseman, to give the transferee the right to bring suit on the receipt in his own name and to transfer to a bona fide purchaser title free from any equities of prior parties not apparent on the face of the instrument." 40 Cyc. 418. In a technical sense such receipt is not a negotiable instrument (2 Ames, Bills & Notes, 782), and the provisions of the Negotiable Instruments Act are not applicable thereto. 40 Cyc. 419.

The receipts involved in this case by their express terms provided that they might be negotiated by indorsement "on the back" thereof. It is undisputed that they were so negotiated to the Scandinavian-American National Bank for value. The warehouse receipts represented

the automobiles. The indorsement and delivery to the bank of such receipts passed the title of the automobiles to the bank (§ 3142, supra), and the defendant thereafter had no attachable interest therein. Adamson v. Frazier, 40 Or. 273, 66 Pac. 810, 67 Pac. 300.

It follows from what has been said that the order and judgment must be affirmed. It is so ordered.

GRACE, J. I concur in the result.