LINCOLN ADDITION IMPROVEMENT COMPANY, a Corporation, Appellant, v. A. P. LENHART, Individually and as President of the Board of City Commissioners of the City of Bismarck, and H. A. Thompson, J. P. French, J. A. Larson and C. W. Henzler, Individually and as City Commissioners of the City of Bismarck, Respondents.

(195 N. W. 14, 33.)

**Municipal corporations — land fully bounded on three sides, and partially on fourth, by lands wholly within city limits, held not within statute providing for exclusion therefrom.**

Opinion filed December 30, 1922.

Municipal Corporations, 28 Cyc. p. 197 n. 13.

Appeal from the District Court of Burleigh County, *Nuessle*, J. Affirmed.

*Benton Baker*, for appellant.

*H. F. O'Hare*, City Attorney, for respondents.

### Statement.

Bronson, J. Plaintiff seeks, through certiorari proceedings, to exclude certain land from the city of Bismarck. The facts are: Plaintiff petitioned the city commission of Bismarck to exclude the S. E. ¼ of sec. 3, twp. 138, R. 80, from the city limits. The petition and affidavit therefor stated that the land involved consists of 160 acres within and bordering upon the city limits; that it is wholly unplatted and no municipal sewers, water mains, pavements and sidewalks, or other city improvements have been made or constructed therein; that there are no legal voters residing upon such land; that it is used exclusively for agricultural purposes; that plaintiff has been the owner in fee thereof for more than three years, excepting the Northern Pacific Railway right of way. In May, 1922, the city commission had a hearing upon the petition. A map showing the corporate limits was offered. From the evidence submitted, it appears that the right of way of the N. P. Ry. Co. is situated within and upon the eastern line of the land sought to be excluded; that it is .51 of a mile in length and comprises two acres within such land to be excluded. The commission found that the said southeast quarter was bounded fully on three sides and partially on the fourth side by lands wholly lying within the city limits; that such land does not border upon the outer limit of the city except approximately one-half mile along the east line thereof; that the exclusion of such tract will leave the eastern boundary of the city in an unnat-

ural and inconvenient form and manner; that the exclusion of such tract will leave out of the city limits the entire .51 of a mile of right of way of the N. P. Ry. Co. which the plaintiff does not own. The city commission denied the petition.

In June, 1922, plaintiff instituted in district court, proceedings of certiorari concerning the action of the city commission.

An order to show cause was issued. In response thereto the city made answer and return, substantially setting forth the proceedings of the city commission hereinbefore stated. The trial court denied plaintiff's application. From the order of denial, plaintiff has appealed.

## Opinion.

The material portions of chapter 32, Laws 1921, applicable, provide: That when lands described in a petition bordering upon and within the limits of any incorporated city are wholly unplatted and no municipal sewers, water mains, pavements, sidewalks or other city improvements have been made or constructed therein, and this is made to appear upon the hearing of the petition by the city commission, it shall be the duty of the commission to disconnect and exclude such territory from the city.

A rough sketch of the relation of the city limits to the land sought to be excluded is hereto attached. Therefrom it appears, and otherwise in the record, that the right of way of the Northern Pacific Railway Company extends along the eastern limits of the city and upon and within the eastern limits of the land sought to be excluded; that, if such land be excluded, there will remain a portion of the right of way of such railway to the north and to the south of such excluded land; that, in such event, the city limits will bound such excluded land fully upon the north, the west, and the south; that there will be left within the limits of the city and on the borders thereof, at its southeastern extremity, approximately 200 acres south of such excluded land which can be reached through railroad transportation only by crossing such excluded land and, otherwise, only by crossing such excluded land or circumventing the same. In a manner, the exclusion of such territory will serve, in many ways, to make the land south of the excluded terri-

tory and within the limits of the city noncontiguous for jurisdictional and transportation purposes.

I am of the opinion that, within the intent and purview of the statute, the territory sought to be excluded may not.be considered bordering upon the limits of the city and that such territory purposed to be excluded falls within the reasoning of this court in Mogaard v. Garrison, 47 N. D. 468, 182 N. W. 761. The order of the trial court should be affirmed.

BIRDZELL and CHRISTIANSON, JJ., concur.

GRACE, J. (specially concurring). In my opinion, it does not sufficiently appear that the land sought to be excluded in this proceeding,

borders upon the limits of the city. The affidavit of T. R. Atkinson, the city engineer, shows that it is fully bordered on three sides and partly on the fourth and, from what may be inferred from an examination of the record, it may be fully bounded on the fourth or eastern side.

The petition for the exclusion of the land does not include all, but only half of the Northern Pacific Railway Company, all of which lies east of the land in question. If the city limits extends to the east side of the railway right of way and only half of the right of way is sought to be excluded, with the petitioner's land, then the east half of the right of way would not be excluded and still would be within the city limits, if the city limits includes all of the railroad right of way. The record is not sufficiently definite in this respect. If the land is wholly bordered on three sides and principally on the fourth by the city limits or wholly on the fourth, it would seem the petitioner has not brought himself within the spirit of the law.

CHRISTIANSON, J. (concurring specially). I concur in an affirmance. In my opinion, the decision of the trial court is correct for two reasons:

(1) The order of the city commission, refusing to exclude territory, is not subject to review by certiorari; and

(2) In any event, the tract sought to be excluded is not one which the statute makes it obligatory for the city commission to exclude.

ROBINSON, J. (concurring specially). The above cases are in all respects similar. In the first case the plaintiff owns 158 acres in S.E.¼ of section 3, township 138, range 80, on the southeast corner of Bismarck. In the second case the plaintiff owns the S.½ of section 5, on the southwest corner of the city of Bismarck.

Under Laws, 1921, chapter 32, each plaintiff filed with the city commissioners of the city of Bismarck a petition that their tract of land be detached from the city on the ground that it is on the border of the city and that it has never been platted or in any way used for city purposes. Each petition was denied by the city commissioners. Then each plaintiff commenced an action in the district court of Burleigh county, stating the facts and praying for a writ of certiorari to review

the action of the city commissioners. The court made an order denying the petition for certiorari and from that order each plaintiff appeals. The statute reads:

Section 845: "A writ of certiorari may be granted by the supreme and district courts, when any inferior courts, officers, boards or tribunals have exceeded their jurisdiction and there is no appeal, nor, in the judgment of the court any other plain, speedy and adequate remedy."

Appellants claim that by refusing to grant their petition the city commissioners erred and exceeded their jurisdiction. But an excess of jurisdiction must consist of some positive and affirmative action, and not a mere failure to act. If the city commission had made an order detaching the capitol grounds from the city of Bismarck, that might be an excess of jurisdiction, but an order refusing to act on such a petition or denying the. petition, or an order to do nothing is a mere negation, and we think, right or wrong, it is not an excess of jurisdiction.

Said chapter 32 provides that on a petition in writing showing certain facts, such as the plaintiff claims to have shown in this case, the city commissioners may detach and exclude such property from the city. The statute provides for no appeal to the courts. It is not made the duty of the courts to act as city commissioners or to review on certiorari the failure of a city commission to lop off the corners of the city. Hence, in each case, the order appealed from was correct and should be affirmed.