STATE OF NORTH DAKOTA EX REL. CHARLES N. CLAVER, Respondent, v. JOHN BROUTE, Mayor of the City of Reynolds, and Others, Appellants.

(197 N. W. 871.)

**Municipal corporations — city council's action on petition to detach territory not reviewable on certiorari.**

Following Baker v. Lenhart, ante, 30, recently decided by this court, it is held that certiorari does not lie to compel a city council to detach territory from the corporation, under chapter 32, Session Laws, 1921.

Opinion filed September 5, 1923. Rehearing denied March 19, 1924.

Certiorari, 11 C. J. § 40 p. 107 n. 77; § 402 p. 218 n. 81. Municipal Corporations, 28 Cyc. p. 200 n. 33 New.

50 N. D.—48.

Appeal from the District Court of Grand Forks County, *Cooley, J.* Reversed.

*I. A. Acker,* for appellants.

It is a fundamental rule that a state cannot by the act of its legislature alter the nature and effect of an existing contract, to the prejudice of either party, nor give such contract a judicial construction binding on the parties or the courts. King v. Dedham Bank, 15 Mass. 447, 8 Am. Dec. 112.

This rule is founded upon two distinct principles of constitutional law, one prohibiting the assumption of judicial power by the legislative department of the government, and the other inhibiting the impairment by a state of the obligation of contracts. 6 R. C. L. § 317, p. 327.

The assurance held out by the state to purchasers at tax sales by the revenue laws of 1890, as amended in 1891, that the tax sale certificates and tax deeds issued to them would be prima facie evidence of the regularity of the tax proceedings, although relating to the remedy, constituted a substantial inducement to the purchaser, entering into the contract with the state, and so materially affecting its value that it cannot be taken away by a subsequent legislation, without impairing its obligation. Blakemore v. Cooper, 15 N. D. 5, 4 L.R.A.(N.S.) 1074, 125 Am. St. Rep. 574, 106 N. W. 566.

A municipality may lawfully make contracts under which rights are acquired or liabilities incurred and the legislature cannot legally pass any statute impairing rights thus acquired either by a municipal corporation or by persons dealing with it provided of course that the contract was one which the municipality was authorized to make. 8 R. C. L. § 337, p. 345 and cases cited.

Whenever the law is so changed that the means of enforcing the duty imposed by the contract are materially impaired, the obligation of the contract no longer remains the same. Therefore a statute impairs the obligation of a contract if it prevents enforcement, or tends to postpone or retard enforcement, or seriously interferes with the enforcement of the contract. 5 Ann. Cas. 314; 3 L.R.A.(N.S.) 954.

The law is well settled that a classification of objects or places for the purpose of legislation must be natural, not artificial. It must in view of the character of the legislation have some reasonable basis. Re Connolly, 17 N. D. 550.

It is not the form but the effect of the statute which determines its special character. Edmonds v. Herbrandson, 2 N. D. 270.

A classification of legislation should be based upon some operation under reason suggested by necessity. Cobb v. Bard, 42 N. W. 396; State v. Hawre, 42 N. J. L. 439; Louisville R. Co. v. Wallace, 11 L.R.A. 787.

Upon what theory or principle can it be said that a few property owners upon one highway in a township may be vested with rights and privileges which are withheld from their neighbors, who are, so far as the necessity of desirability of such improvements is concerned, in a similar situation? Such discrimination is clearly unreasonable and wholly arbitrary and capricious and cannot be sanctioned by this court. The constitutional mandate against such unlawful discrimination is plain and has repeatedly been recognized and enforced in this state. A mere reference to such cases will suffice, as the rule is fundamental. Belcal v. N. P. R. Co. 15 N. D. 318, 108 N. W. 33; State v. Mayo, 15 N. D. 327, 108 N. W. 36.

The true test of unlawful statutory discrimination is whether all who are similarly situated are similarly treated and whether those who are similarly situated are hindered or prevented in their competition with others. Gunn v. R. R. Co. 34 N. D. 418.

It is, of course, well settled that the functions of deciding all matters relative to the public improvements such as contemplated by the act in question are legislative in their character, and it is equally well settled that the legislative assembly to whom is delegated by the people all the legislative power of the state, may, in local matters of an administrative character, delegate such functions to local authorities and boards; but it is also equally well settled that such power cannot be delegated to private individuals, or to any class of citizens in their individual capacity. 8 Cyc. 831 and cases cited; 6 Am. & Eng. L. Enc. 1021 et seq.; Hutchison v. Leimbach, 68 Kan. 37, 104 Am. St. Rep. 384; Wyandotte Co. v. Abbott, 52 Kan. 148, 34 Pac. 416; Board v. Common Council, 28 Mich. 228, 15 Am. Rep. 202; People v. Bennet, 29 Mich. 451, 18 Am. Rep. 107; Winters v. Hughes, 3 Utah, 443, 24 Pac. 759; Ohio, etc., R. Co. v. Fodd, 12 Ky. L. Rep. 726, 15 S. W. 56; Parks v. Comrs. (C. C.) 61 Fed. 436; Cooley, Const. Law, 7th ed. 163 et seq.

*J. B. Wineman,* for respondent.

That when called upon to pronounce the invalidity of an act of legislation passed with all the forms and solemnities requisite to give it the force of law, courts will approach the question with greater caution, examine it in every possible aspect, and ponder upon it as long as deliberation and patient attention can throw any new light on the subject, and never declare a statute void unless the nullity and invalidity of the act are placed, in their judgment, beyond reasonable doubt. Re Wellington, 16 Pick. 87–95, 26 Am. Dec. 631.

Powers of a public nature granted may be recalled, modified, lodged in other public bodies, or enlarged, one exercise of such legislative power not precluding another. 12 C. J. 1003 and cases cited.

A statute providing for the annexation of territory to an existing municipality is not objectionable because it may result in the taxation of property within the annexed territory to pay a pre-existing indebtedness of the municipality to which it has been added. So a constitutional debt limit does not prohibit the consolidation of several municipalities, some of which are indebted beyond the limit, even if the effect is to make the property in the municipalities not so indebted subject to taxation to meet an indebtedness which it would be unconstitutional newly to create. 19 R. C. L. 732 and cases cited.

In 6 R. C. L. p. 344, it is said: "So far as a municipality is an agency of government, it has no rights or powers which, as between it and the state, the legislature may not modify or abrogate at pleasure." Citing 4 U. S. Supreme Ct.; 1 Michigan case and 1 Vermont case.

The legislature has the right to change the boundaries of a municipality without apportioning its indebtedness and providing for the enforcement of the liability therefor. Laramie County v. Albany County, 92 U. S. 307, 23 L. ed. 552; Winona v. School Dist. 40 Minn. 13, 3 L.R.A. 46, 12 Am. St. Rep. 687, 41 N. W. 539.

Power of the legislature to control cities and villages in matters of public concern is only limited by the provision that the laws shall be general. State v. Taylor, 33 N. D. 76, 156 N. W. 561; Runge v. Glerum, 37 N. D. 618, 164 N. W. 284.

As against the municipality itself, its boundaries may be changed at the pleasure of the legislature. Morford v. Unger, 8 Iowa, 82; Ham v. Sawyer, 38 Me. 37.

The legislature has absolute control over municipal corporations to create, change, modify, or destroy them at pleasure. People v. Wren, 5 Ill. 269; Coles v. Madison Co. 1 Ill. 120, 12 Am. Dec. 164; Grady v. Lenoir County Comrs. 74 N. C. 101; Greenleaf v. Trustees of Twp. No. 41 R. 14 E. 22 Ill. 236.

In the absence of express constitutional prohibition, territory may be lawfully detached from one municipality and added to another. Metcalf v. State, 49 Ohio St. 586; Milwaukee v. Milwaukee, 12 Wis. 96; State v. Lake City, 25 Minn. 404; Teaulet's Succession, 28 La. Ann. 42; Dare County v. Currituck County, 95 N. C. 189.

A law does not impair the obligation of a contract, within the meaning of the Constitution, if neither party is relieved thereby from performing anything of that which he obligated himself to do. The statute under consideration does not relieve the state or the landowner of any obligation imposed by the contract. State v. Krahmer, 117 N. W. 783.

All municipal or public corporations are subject to legislative control, and may be divided, altered, changed, modified, enlarged, restrained or abolished, as the exigencies of the public may demand. The only restriction on that power is that no local or special law shall be passed with reference to them. People v. Grover, 258 Ill. 124, 101 N. E. 216; Chicago v. Cicero, 210 Ill. 290, 71 N. E. 356, and cases cited; Chalstran v. Board of Education, 244 Ill. 470, 91 N. E. 712.

JOHNSON, J. This is an appeal from an order of the district court of Grand Forks county, which granted the prayer of the plaintiff petitioner, directing and commanding the city council of the city of Reynolds to grant the petition of Charles N. Claver "for the disconnection and exclusion of said land from the city limits," and which commanded the city council of the city of Reynolds "to enact an ordinance disconnecting said lands from within the city limits."

Proceedings in the trial court were upon certiorari. The appellants, on the oral argument, strenuously contend that certiorari does not lie, and rely on the case of Baker v. Lenhart, ante, 30, 195 N. W. 16.

The petititoner, Charles N. Claver, with other members of his family, petitioned the city council of Reynolds, North Dakota, that certain described territory be excluded from the city. It is alleged in the peti-

tion that the lands were "wholly unplatted, and no municipal sewers, water mains, pavements, sidewalks or other improvements have been made or constructed therein, and the said lands have been, and are, used solely for farming purposes only." It is further alleged that the petitioner, Charles N. Claver, is the sole owner of this land and that the other petitioners, four in number, "are the only legal voters residing upon said land." The petitioners brought themselves within the terms of chapter 32, N. D. Session Laws, for the year 1921. The council refused to enact an ordinance detaching the territory and thereupon the petitioner Claver made application to the district court of the First judicial district for a writ of certiorari, which was granted. An answer and return was made. The court made its findings and entered its order as heretofore set forth, commanding the council to enact an ordinance in accordance with the prayer of the petition, disconnecting the territory described.

. An examination of § 3969, Comp. Laws 1913, which was amended by chapter 79 of the Session Laws of 1919 and again by chapter 32, Session Laws 1921, discloses the fact that when it is made to appear to the council, by a petition asking that certain described territory be detached from the city is wholly unplatted and no municipal sewers, water mains, pavements, sidewalks or other city, town or village improvements have been made or constructed therein, it is the duty of the city council to disconnect and exclude such territory. It is not disputed in this case that no such improvements existed upon this territory sought to be detached by the appellants, and the council, notwithstanding these facts, refused to pass an ordinance detaching the territory.

In view of the objection made by the appellant to the propriety of the remedy and jurisdiction of the trial court to issue a writ of certiorari in this case, we find it unnecessary to examine the numerous constitutional objections urged by appellant against the validity of chapter 32 of the Session Laws of 1921. In the recent case of Baker v. Lenhart, ante, 30, 195 N. W. 16, the majority of this court held that the proceedings of the city commission of the city of Bismarck, acting upon a petition for the detaching of territory under facts substantially the same as in the case at bar, and pursuant to chapter 32, Session Laws 1921, could not be reviewed by certiorari; that under our

law "a writ of certiorari may be granted by the supreme court and district court when inferior courts, officers, boards or tribunals have exceeded their jurisdiction and there is no appeal, nor, in the judgment of the court, any other plain, speedy and adequate remedy, and also when in the judgment of the court it is deemed necessary to prevent miscarriage of justice:" § 8445, Comp. Laws 1913, as amended by chapter 76, Session Laws 1919; that "jurisdiction relates to the *power* of the tribunal, and not to the rights of the parties;" and that "errors of law committed by the inferior court in the exercise of its authority cannot be considered; and in such case, no matter how erroneous the decision may be, even on the face of the record, the reviewing court has no power to change, annul or reverse it in a proceeding in certiorari."

If the statute be construed to vest in the landowner, at his pleasure, the power to withdraw territory from and thereby to change the boundaries of a municipal corporation, and that the city council or the city commission have only a ministerial duty to perform in that regard, it seems difficult to sustain the act against the charge that it is an attmpt to delegate legislative power in contravention of the constitution and in violation of the rule laid down in Morton v. Holes, 17 N. D. 154, 115 N. W. 256.

The judgment of the trial court is reversed and the writ dismissed.

NUESSLE and BIRDZELL, JJ., concur.

CHRISTIANSON, J. (concurring). I concur in the opinion prepared by Mr. Justice Johnson. This case involves an application to detach a certain tract of land from the city of Reynolds, in this state. Such application was presented to the city council under the provisions of chapter 32, Laws 1921. The city council denied the application and refused to pass an ordinance disconnecting the tract of land in question. The petitioner thereupon applied to the district court for a writ of certiorari for the purpose of reviewing the action of the city council. In the petition for such writ he alleges that on October 3d, 1921, he presented a petition to the city council of the city of Reynolds asking that a certain tract of land therein described be excluded from said city; that said petition was verified, and was signed by himself and the mem-

bers of his family; that he was the sole owner of the land sought to be disconnected and that the persons who signed such petition constituted all the legal voters residing upon said land; that prior to the presentation of such petition he had caused notice to be published that the application to detach would be presented to the city council at a meeting of the city council held October 3d, 1921; that at such meeting he presented proof of the facts alleged in the petition, and, also, presented to the said city council for enactment and asked that it enact an ordinance entitled "An Ordinance Restricting the Limits of the City of Reynolds and Disconnecting and Excluding the S.W.$\frac{1}{4}$ of Section 1, Township 148, North of Range 51 therefrom;" that such ordinance was given its first reading at the meeting at which it was presented; that at an adjourned meeting of said city council held December 12th, 1921, said ordinance was placed upon its second reading and that "on motion duly made and seconded, said city council, by a vote of all the aldermen present, refused to grant the request of the petitioner and rejected his petition and refused to pass said ordinance."

The district court issued a writ of certiorari *ex parte.* Upon the return day the defendants appeared and filed a return to such writ. The return admitted the presentation of the application for detachment of the territory, also admitted that the city council had refused to pass the ordinance disconnecting the territory in question, and alleged that the property sought to be detached was part of the territory included within the limits of the city of Reynolds at the time of its incorporation as a city. Such return further alleged that chapter 32, Laws 1921, was unconstitutional, in this, that it violated certain constitutional provisions specifically enumerated in the return. After hearing, the district court entered its judgment to the effect "that the proceedings of the city council of the city of Reynolds in refusing to grant the petition for the disconnection and exclusion of the S.W.$\frac{1}{4}$ of section 1, township 148, north of range 51, from within the limits of the city of Reynolds, be modified and annulled;" and in said judgment it was further ordered and adjudged that "said defendants as members of the city council of the city of Reynolds grant the petition of Chas. N. Claver to disconnect and exclude the S.W.$\frac{1}{4}$ of township 148, north of range 51 from within the limits of the city of Reynolds, North Dakota, and to

enact an ordinance carrying such action into effect." The judgment so entered is the one involved on this appeal.

In the recent case of Baker v. Lenhart, ante, 30, 195 N. W. 16, the question as to the extent of review on certiorari, as well as the question as to the extent of review of the decision of a city council made under chapter 32, Laws 1921, upon an application for the disconnection of territory from the city, were fully considered; and the conclusion was there reached that the city council, and that body alone, was vested with power to receive and act upon a petition for the detachment of territory from a city; that such body is vested with power to hear evidence and draw conclusions therefrom; and that no other body or tribunal has been vested with power to review the city council's determination of such application. The rule announced in that case is applicable here and is decisive of this case.

It has been suggested that inasmuch as no specific question was raised in the district court as to the propriety of the remedy that that question ought not to be considered by this court. If the question involved only the propriety of the remedy this would doubtless be true, but the question here strikes much deeper than that of propriety of the remedy. When this matter was presented to the district court (wholly aside from any question as to the propriety of remedy) there was presented as the basic question whether the petition presented a state of facts justifying judicial interference. In other words, the question was necessarily presented to the district court whether, upon the record presented, the petitioner was entitled to any judicial relief whatsoever, and under the ruling announced in Baker v. Lenhart, supra, it is manifest that this question should have been answered in the negative.

BRONSON, Ch. J. (dissenting). I most earnestly dissent. The parties on this appeal stipulated that the only question for the supreme court to pass upon is the constitutionality of the statute. Appellant in its brief specifically waived the question of the validity of the proceedings to disconnect the respondent's land. Nevertheless, the majority opinion refuses to discuss the merits. It reverses the decision of the trial court upon a technical procedural ground that certiorari is not the appropriate remedy. In so doing it violates well settled rules of pro-

cedure and reverses the trial court upon an error that it did not commit. It must be understood that not a single objection was made in the trial court concerning the propriety of the remedy of certiorari. The defendants, the appellants herein, interposed an answer that did not question the propriety of the remedy and that distinctly presented the question of the constitutionality of the statute. An intervention was permitted and a complaint in intervention filed which, likewise, did not question the propriety of the remedy. The parties proceeded to trial upon the issue presented, namely, the constitutionality of the statute, and the trial court, upon this issue, upheld the validity of the statute. In appellant's brief not a single word is said concerning the impropriety of the remedy. In the assignments of error not a specification is made questioning the remedy invoked. In the brief of the appellant not a syllable is written that urges or even presents the question of the impropriety of the remedy. On the contrary appellant's brief contains the admission, directly asserted, that the appellant does not question the validity of the proceedings to disconnect respondent's land and that by stipulation the only question to pass upon is the constitutionality of the statute.

Appellants in this court, upon oral argument, after having their attention called by the court to the decision in Baker v. Lenhart, ante, 30, 195 N. W. 16, then, for the first time present the question of the propriety of the remedy. I am indeed puzzled to know upon what theory, in accordance with well settled rules of procedure in appellate practice, the majority opinion through its holding can justify the presentation of the question concerning propriety of the remedy after all the parties have stipulated their acquiescence in the remedy used in the trial court and after they have distinctly stipulated that the one question presented for the consideration of the supreme court is the constitutionality of the statute. This sort of procedure ignores and waves aside many decisions in this state, some of which have been either signed or written by some of my associates who join in the majority opinion. A review of these decisions will not be attempted. It is sufficient to cite only a few. Minneapolis, St. P. & S. Ste. M. R. Co. v. Stutsman, 31 N. D. 597, 154 N. W. 654; Shuman v. Lesmeister, 34 N. D. 209, 158 N. W. 271; Mogaard v. Robinson, 48 N. D. 859,

187 N. W. 142; Brisman v. Thistlethwaite, 49 N. D. 417, 429, 192 N. W. 85, 90; Malherck v. Fargo, 49 N. D. 522, 191 N. W. 951; Vannett v. Reilly-Herz Auto. Co. 42 N. D. 607, 173 N. W. 466. In the last mentioned case Mr. Justice Christianson said "Why plaintiff should complain because the court determined the matter which he asked it to determine upon the motion which he noticed is incomprehensible. 'He who consented to an act is not wrnoged by it.' " In Mogaard v. Robinson, 48 N. D. 859, 187 N. W. 142 (Mr. Justice Birdzell writing the opinion) the court said:

"We do not understand that any question of procedure is involved upon this appeal, for upon oral argument respondents disclaimed any contention as to the remedy and in their brief it is stated: 'It is plain that but one point is involved: Should the city council have excluded this tract upon the showing made? We were willing that this decision should be reviewed by Judge Nuessle, and we now submit to the judgment of the supreme court the same question.' "

In this case the city council did not make any finding that the territory involved was not within the statutory provisions applicable for detachment thereof. On the contrary, however, pursuant to the record and the stipulation of the parties, the city council raised solely constitutional questions, thereby admitting the validity of the proceedings pursuant to the statute and the right of detachment pursuant to the statute, but denying the validity of the statute. In other words, the majority opinion, by failing to pass upon the constitutional questions, impliedly, for the purposes of the opinion, regard the statute as constitutional since a statute is presumed to be constitutional until held to the contrary. The majority opinion further, by its disposition of the cause, impliedly recognizes that the territory involved, pursuant to the statute, should be detached and that the city council is willing to detach the same if the statute be constitutional; yet, nevertheless, relief is denied simply because the parties invoked the remedy of certiorari instead of some other remedy, such as mandamus or otherwise, regardless of the fact that the parties expressly have waived any question as to the propriety of such remedy. Concerning the propriety of the remedy, I dissent upon the grounds set forth in my dissenting opinion in Baker v. Lenhart, ante, 30, 195 N. W. 16.

On petition for rehearing.

PER CURIAM. Respondent has petitioned for a rehearing. In such petition it is asserted that this court in its former opinion in this cause "apparently overlooked the fact that no question of jurisdiction was ever raised or presented in the trial of the case in the court below," and it is contended that such question cannot be raised for the first time in this court. The rule that the theory adopted in the trial court will be adhered to on appeal; and, hence, that a party may not urge on appeal, any error growing out of the trial or submission of the cause upon an incorrect theory, when such theory was of his own selection or was adopted by the trial court at his request has been affirmed by this court in many decisions. See Vannett v. Reilly-Herz Auto. Co. 42 N. D. 607, 173 N. W. 466; Minneapolis, St. P. & S. Ste. M. R. Co. v. Stutsman, 31 N. D. 597, 154 N. W. 654; Malherek v. Fargo, 49 N. D. 522, 191 N. W. 951; Brissman v. Thistlethwaite, 49 N. D. 417, 192 N. W. 85. The rule stated above, however, does not go to the extent of precluding a party from asserting that the lower court had no jurisdiction of the subject-matter of the controversy; or from asserting that the petition or complaint of the party seeking judicial relief fails to show that he is entitled to any such relief at all. Comp. Laws 1913, § 7447. See also Street Grading Dist. v. Hagadorn, 108 C. C. A. 429, 186 Fed. 451; Huntington County v. Beaver, 156 Ind. 450, 60 N. E. 150; Smith v. Apple, 264 U. S. 274, 68 L. ed. 678, 44 Sup. Ct. Rep. 311. In his petition for rehearing, respondent assumes that the question involved is merely one of propriety of remedy. This is incorrect. There is another question which lies much deeper than that, namely, whether upon the record as it stood at the time the matter was submitted to the district court, a case was presented which justified that court in granting any judicial relief whatsoever to the petitioner.

As was said in Baker v. Lenhart, ante, 30, 195 N. W. 25:

"A proceeding for the exclusion of territory must be initiated by petition presented to the city council (or commission). That body and that body alone is vested with authority to receive and act upon such petition. In other words, the city council (or commission) is vested with power to hear evidence and draw conclusions therefrom: In making its determination the council (or commission) exercises powers

judicial in their nature (Glaspell v. Jamestown, 11 N. D. 86, 88, 88 N. W. 1023; Mogaard v. Garrison, 47 N. D. 468, 182 N. W. 760), and it cannot be compelled by mandamus to decide the application in any particular way (Mogaard v. Garrison, supra).

"Manifestly a city commission has power to deny as well as to grant a petition for the exclusion of territory. The power to entertain and hear a petition necessarily implies the power to deny it. It is true, the statute says that when certain facts exist the territory shall be excluded, but it vests the city commission, and it alone, with authority to ascertain whether the facts exist. In a sense there is a duty incumbent upon all boards and tribunals to decide a controversy only one way in all cases where the evidence is such that reasonable men can draw only one conclusion therefrom. That duty rests not only upon boards, but upon courts. Thus if the evidence in a case is such that reasonable men in the exercise of reason and judgment can draw only one conclusion therefrom, it is the duty of the court in which the case is tried to decide the case in favor of the party who, the law says, is entitled to prevail. That is true whether the case is or is not submitted to a jury. If such case is submitted to the jury under proper instructions, it is the manifest duty of the jury to return a verdict in favor of the party who, under the undisputed evidence, is entitled to it; if the case is decided by the trial judge without a jury, the same duty rests upon him; yet it will hardly be asserted that the failure of the jury or the trial judge to perform their duty in such cases constitutes an excess of jurisdiction. All will agree that it will constitute only an error of judgment. And error of judgment on the part of the tribunal authorized to hear and determine is neither want nor excess of jurisdiction. Hauser v. State, 33 Wis. 678; Arnold v. Booth, 14 Wis. 180; Patterson Land Co. v. Lynn, 44 N. D. 251, 175 N. W. 212. See also Ex parte Bigelow, 113 U. S. 328, 331, 28 L. ed. 1005, 1006, 5 Sup. Ct. Rep. 542. . . .

"The subject-matter here, viz., the exclusion of territory from a city, is one fundamentally legislative in character (Glaspell v. Jamestown, 11 N. D. 86, 88 N. W. 1023), and the Legislature has said that all applications for the exclusion of territory must be addressed to and determined by the city council (or commission) of the city from which the territory is sought to be excluded, and it has vested no other body

or tribunal with power to review its determination on such application."

This language is equally applicable here. In this case an application was made to the city council to have certain property detached from the city. The city council refused to pass an ordinance detaching the property. When the matter was presented to the district court the question presented to that court (wholly aside from any question as to the propriety of the remedy) was whether the petition set forth any facts warranting interference by the court. In view of the ruling announced in Baker v. Lenhart, supra, it is manifest that this question should have been answered in the negative. The district court, however, answered the question in the affirmative. It, in effect, determined the application which the statute said must be determined by the city council, and entered a judgment, commanding the city commission to pass an ordinance detaching the property.

We adhere to the former opinion.

Rehearing denied.

CHRISTIANSON, JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.

BIRDZELL, J. (concurring). In view of the repeated constructions of the statute (Laws 1921, chapter 32) by this court, to the effect that the legislature had thereby committed to the local legislative bodies all questions concerning the detachment of territory from municipalities and had provided for no judicial review, and in view of the subsequent legislative recognition of this construction as being correct (Laws 1923, chapter 172). I am unable to see how the record in this case presents a constitutional question that this court should consider. (The 1923 amendment above referred to is, of course, not applicable to this case, as this case had been tried below and submitted here before it took effect, but it provides for the continuance of the rule of nonreview as to all municipalities of three thousand population or more.) It seems obvious to me that, if the court should consider the act constitutional, its opinion would be no more than advisory, since the legislature has provided no means for making effective a judicial determination that certain territory should be excluded. On the other hand, if the court should consider the act to be unconstitutional, the petitioner would be

wholly without any remedy to effect a detachment of his property. That matter, as stated, has been left to the *final* determination of the local legislative body through ordinance. Hence, it seems to me that there is no occasion for discussing whether or not certiorari is *an* appropriate remedy where it is clear that the legislature has provided *no* judicial remedy. It seems equally beside the real question in the case to determine whether or not there is an attempt on the record to- present a constitutional question. Neither, in my judgment, is there any occasion for applying terms of reproach to characterize a result which is dictated by sound principles of constitutional law. This court should not render advisory opinions upon constitutional questions; neither should it pass on such questions affecting statutes, unless the rights of a litigant depend upon their validity. Conceding the validity of the statute in question, no right is given to compel a different result on the plaintiff's petition. Says Cooley on Constitutional Limitations, 5th ed. p. 196:

"In any case, therefore, where a constitutional question is raised, though it may be legitimately presented by the record, yet if the record also presents some other and clear ground upon which the court may rest its judgment, and thereby render the constitutional question immaterial to the case, that course will be adopted, and the question of constitutional power will be left for consideration until a case arises which can not be disposed of without considering it, and when consequently a decision upon such question will be unavoidable."

If the petitioner is injured, he is injured because of the erroneous action of a local body and because the statute provides for no review of the local legislative action upon a question that is primarily legislative in character. He is not deprived of any constitutional right.

The distinction between this case and Mogaard v. Robinson, 48 N. D. 859, 187 N. W. 142, is obvious. In that case no constitutional question was attempted to be raised by either party, and, as the majority of the court read the record, both parties sought, both in the court below and in the supreme court, to obtain an interpretation of certain language in the statute and specifically submitted the question in both courts. It is one thing to interpret a statute at the instance of parties who stipulate to be bound by the construction but quite a different thing to decide a constitutional question which arises only be-

cause the parties once, mistakenly, had a theory that such constitutional question was involved. I am not aware that courts have so far departed from the time-honored principle of reluctance to determine the constitutional validity or invalidity of statutes as to be willing to do so whenever parties might stipulate that such a question is involved whether it is so in fact or not. In fact, however, the appellant is here contending that the judgment of the court below is erroneous because the statute does not provide for judicial review of the determination of the local body upon a petition for detachment of territory. This contention, in my opinion, is clearly right and must be supported.

BRONSON, Ch. J. (further dissenting). Upon a mere technicality, without precedent in law and without basis in reasoning, as I view it, the majority opinion has reversed the action of the trial court, dismissed the writ and refused to consider the only question properly before this court, namely, the constitutionality of the statute involved.

It must be conceded that such disposition of this cause upon a mere technicality has no other effect than to require the parties to perform the useless ceremony of again initiating by certiorari this very proceeding in the trial court. The only effect of the majority decision is the creation of delay and additional expense.

After the technical construction of the statute upon certiorari made by the majority decision in December, 1922, in the case of Baker v. Lenhart, ante, 30, 195 N. W. 19, the legislature, in March, 1923, and before this cause was argued in this court, enacted specific legislation concerning a proceeding by certiorari. This legislation *requires* the courts to review, through certiorari, the findings of a city council, in a city having a population of less than 3,000, in a proceeding to detach farm property. Laws 1923, chap. 172. The Act applies to the defendant city and to the identical question presented in this case. This statute was enacted on March 6th, 1923. It became a law on July 1st, 1923. It is now a law while this case is pending before this court and during a time when the appellant has raised for the first time in this court a procedural objection which has been entirely obviated in any event by the statutory provision.

When this cause was argued in the trial court no thought was present in the minds of any of the parties to present any procedural or juris-

dictional questions. The defendant submitted to the jurisdiction of the trial court and invoked the jurisdiction of the trial court for the purpose of determining the constitutionality of the statute involved. The defendant expressly admits the facts alleged in plaintiff's complaint. When this cause was briefed for this court the parties, by stipulation, waived every question of procedure, expressly stipulated that the plaintiff had fully complied with all of the statutory requirements relating to the disconnection and exclusion of the farm lands involved and stipulated that the sole and only question for determination by this court was the constitutionality of the statute involved, namely, Laws 1921, chap. 32, now Laws 1923, chap. 184. Upon the argument of this cause through suggestions made by members of this court concerning the decision in Baker v. Lenhart, supra, wherein the writer dissented, the appellant, ignoring the position taken by it in the trial court and in violation of its stipulation, for the first time raised before this court the propriety of the remedy of certiorari.

The majority opinion upon its petition for rehearing attempts now to justify its technical decision by asserting that there is more involved upon this appeal than the mere question of the propriety of the remedy; that the jurisdiction of the subject matter is involved and the question whether or not upon the record the trial court was justified in granting any judicial relief whatsoever. In support of its position thus stated the majority opinion quotes the statute, § 7447 Comp. Laws, 1913, which simply provides that when certain objections, such as concerning jurisdiction, are not taken by demurrer or answer, the same are deemed to be waived excepting only the objection to the jurisdiction of the court. The majority opinion further cites two foreign cases: One, a case in 108 C. C. A. 429, 186 Fed. 451, to the effect that the question of the jurisdiction over the subject matter and the competency of the trial court to grant relief may always be raised in the appellate court. In that case a suit in equity was prosecuted in a subject matter where there existed an adequate remedy at law. In the other case, from Indiana, 156 Ind. 450, 60 N. E. 150, it was held that the Circuit Court had no jurisdiction upon an appeal made from the board of commissioners for the reason that its order was not appealable and hence that the question of the jurisdiction of such circuit court could be raised at any stage of the proceedings and in the

50 N. D.—49.

appellate court. Upon the precise technical rule thus urged by the majority opinion not a single decision of this court is cited. The extremity to which the majority opinion is reduced in order to bolster its technical decision is obvious.

Furthermore, the futility of the argument made concerning the right to raise the question of the jurisdiction of the lower court over the subject matter and of the sufficiency of the complaint to grant relief, in the appellate court, regardless of what has occurred in the trial court, is made evident by the decision of this court, written by Mr. Justice Christianson. Lynch v. District Ct. 48 N. D. 433, 185 N. W. 303. In that case, an original application was made to this court for a writ to prohibit the trial court from proceeding under a writ of certiorari. Mr. Justice Christianson said, or quoted with approval, the following:

"Jurisdiction does not depend upon the correctness of the decision made. . . . 'Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization, to deal with the abstract. Nor is this jurisdiction limited to making correct decisions. It empowers the court to determine every issue within the scope of its authority, according to its own view of the law and the evidence, whether its decision is right or wrong.'

"The district court has jurisdiction to issue writs of certiorari to justices of the peace and other inferior courts, officers, boards, or tribunals. N. D. Const. § 103; Comp. Laws, 1913, § 8445.".

Again, in the case at bar the facts of the complaint are admitted by the defendant. These facts, so alleged and admitted, show without question that the land affected is entitled to be detached pursuant to the statute. The defendant does not deny the right of detachment if the statute involved be constitutional. Does the majority opinion hold that a writ of prohibition might have properly been granted to have restrained the issuance of a writ of certiorari in this case by the trial court?

To some extent a few other decisions of this court may be cited. In Hart v. Wyndmere, 21 N. D. 383, 131 N. W. 271, Ann. 1913D, 169, an action involving equitable considerations was tried to a jury concerning the payment of certain city warrants. The appellant, by stipulation of the parties, was made a party defendant. The appellant answered and issues were made. The appellant fully and freely litigated its rights upon the merits in the trial court. Upon appeal the appellant for the first time raised the question of the jurisdiction of the trial court over its person and over the subject matter litigated. This court held that want of jurisdiction over the person or subject matter can be urged at any stage of the proceedings; but that it was significant that want of jurisdiction was not raised until after the trial of the action on the merits and a determination therein made adverse to the appellant; that the appellant's contention was unsound and could not be upheld; that to hold otherwise would be to make a farce of court procedure; that defendant elected to litigate his case with the parties in the lower court and was bound by the results and could not be heard to complain because of the adverse decision.

In Minneapolis, St. P. & S. Ste. M. R. Co. v. Stutsman, 31 N. D. 597, 154 N. W. 654, the board of railroad commissioners ordered the construction of a certain crossing over railroad tracks in Fingal. The railroad appealed to the district court. In that court no question concerning the jurisdiction of that court over either the subject-matter or the parties was ever raised. A decision was rendered upon the merits against the board. Upon appeal the board for the first time sought to question the jurisdiction of the commissioners and of the district court to hear and determine the controversy. The supreme court upon appeal held that "this proceeding stood exactly as though the parties had formulated their issue for decision and thereupon submitted the same to the district court for trial and decision upon the merits, and with that court having jurisdiction at law of the subject matter so submitted for arbitrament; upon proper proceedings unquestionably that court would have had jurisdiction to determine and adjudge that this railroad company should build this crossing over its tracks at the place in question. That being so, as a matter of law, we are not concerned in the steps leading up to the submission of that question to that court on the merits, further than to know that the same was done and

without any objection thereto, or any question made as to the jurisdiction of that court over the subject matter. With that ascertained, jurisdiction is beyond challenge for the first time on appeal in this court."

In Vannett v. Reilly-Herz Auto. Co. 42 N. D. 607, 173 N. W. 466, plaintiff commenced an action to recover $250.00 and attached certain automobiles. A bank set up a third party claim to the automobiles. A hearing was had. The trial court made its order and judgment sustaining the title of the bank to the automobiles. Plaintiff appealed. Before the supreme court plaintiff complained that the bank had no right to move for discharge of the attachment; that it was necessary for it to assert its right by independent action for the possession or conversion of the property. The supreme court held, through the opinion of Mr. Justice Christianson, viz.: "It is unnecessary to determine the procedural question raised. Manifestly the appellant is in no position to predicate error upon the method of procedure; for he formulated the procedure. The Scandinavian American Bank merely acquiesced in the procedure proposed by the plaintiff. Why plaintiff should complain because the court determined the matter which he asked it to determine upon the motion which he noticed is incomprehensible. 'He who consents to an act is not wronged by it.' 'Acquiescence in error takes away the right of objecting to it.'" See Malherek v. Fargo, 49 N. D. 522, 191 N. W. 951.

In Brissman v. Thistlethwaite, 49 N. D. 417, 192 N. W. 85, a writ of certiorari was issued. It concerned certain criminal proceedings had before a justice of the peace. On the return day a demurrer was interposed upon the ground that the district court had no jurisdiction over the subject matter or the person, but upon overruling the demurrer, counsel for the defendant, in open court, specifically waived the issuance of a writ of certiorari and submitted entirely the matter in issue to the district court. Upon appeal to this court the question of jurisdiction and the propriety of the remedy were invoked by the defendant. This court, through the opinion of Mr. Justice Christianson, in part said:

"It is contended, however, on this appeal that the action of the justice of the peace is not reviewable on certiorari, and that the district court erred in granting such writ."

"If in this case the hearing had proceeded and the justice of the

peace had made an order holding the defendant to answer, it would have been the duty of the justice of the peace to have made a return, and transmitted all the papers in the case to the district court. And it is clear, under the undisputed facts here, that if such order had been made the defendant in such criminal action would have been entitled to be released upon habeas corpus. Comp. Laws, 1913, § 11,373. The district court would have had jurisdiction to issue the writ. And upon application for such writ it would (under the undisputed facts. in this case) have been its unquestioned duty to do so."

"The ordinary presumptions on appeal are applicable on appeal from a judgment in a certiorari proceeding. 11 C. J. 221. The appellate court will only consider the errors which are urged before it and specifically pointed out, and the review is confined to matters or objections urged below. 11 C. J. 221."

"When the record presented on this appeal is viewed in light of the fundamental rules above referred to, we are of the opinion that the question of the propriety of the remedy is not before us.

In Mogaard v. Robinson, 48 N. D. 859, 187 N. W. 142, the trial court in a certiorari proceeding refused to disturb the action of a city council in not recognizing a petition for the detachment of farm territory. Upon appeal to this court the propriety of the certiorari proceeding was recognized and the order of the trial court reversed with directions to enter an appropriate judgment for detachment of the territory involved. In that case the court said, "We do not understand that any question of procedure is involved upon this appeal for upon oral argument respondent disclaimed any contention as to the remedy and in their brief it is stated:—'It is plain that but one point is involved: Should the city council have excluded this tract upon the showing made? We were willing that this decision should be reviewed by Judge Nuessle and we now submit to the judgment of the supreme court these same questions.' "

If the proceeding for the detachment of farm territory is wholly a legislative proceeding that permits of no judicial review then this court should determine the merits and hold the statute involved to be unconstitutional. If the majority decision now is right, the reasoning of the decision in the first case of Mogaard v. Garrison, 47 N. D. 468, 182 N. W. 758, a mandamus action, was wrong and should be

expressly overruled. If again, the majority decision is now right, the decision and reasoning of the court in the second case of Mogaard v. Robinson, 48 N. D. 859, 187 N. W. 142, a certiorari proceeding, is wrong and should expressly be overruled. Likewise, the same may be said concerning the case of Lincoln Addition Improv. Co. v. Lenhart, ante, 25, 195 N. W. 14. If the statute providing for judicial review is unconstitutional then it is time for this court so to state and hold. Otherwise, the statute stands with the presumption of constitutionality. Otherwise confusion worse confounded exists for the trial bench and the bar of the state. It must be conceded if the statute involved is still a statute operative upon the courts, that the trial court, in some sort of a proceeding, had jurisdiction over both the subject matter and the person to compel and enforce the performance of a statutory duty. The parties by consent and by action submitted to that jurisdiction of the trial court. The appellant after so submitting to the jurisdiction, received an adverse decision. Now it complains concerning the jurisdiction which it conceded and invoked. It follows that the majority opinion in this case has simply denied the determination of the merits and of the constitutional question upon merely a procedural ground contrary to and without regard for former holdings and decisions of this court. It is certainly now a strange rule to invoke, in view of the decisions of this court, namely,—that a party may be heard to say in the district court that it, the trial court, had jurisdiction and then after invoking that jurisdiction and securing a decision, which happens to be adverse to its contentions, upon appeal in this court for the first time say that the trial court did not possess jurisdiction.

Accordingly, in my opinion, the determination thus made by the majority decision is a reproach to the administration of justice. With full and due respect for the opinions of my associates I, nevertheless, must and do earnestly protest against the majority determination thus made upon a mere technicality.

The answer to the concurring opinion of my associate, Mr. Justice Birdzell, may be said to be contained in the court's opinion, written by himself, in the case of Mogaard v. Robinson, 48 N. D. 859, 187 N. W. 142; in that case it seemed to be, and was, the proper thing to review *judicially* the action of the city council. If, *then*, the action of the city council was legislative, as *now*, the concurring opinion for

new reasons seeks to establish, it seems difficult to apprehend how, *then*, the court possessed jurisdiction to *judicially* review, even through stipulation of the parties, and how, *now*, the court possesses no jurisdiction by a similar stipulation so to judicially review. If the quotation concerning constitutional limitations is applicable *now*, it was applicable *then*; if the petitioner is injured *now* without recourse nor remedy, the petitioner *then* was so injured.

But, my associate, at the tail-end of his concurring opinion, states that the distinction between this case and Mogaard v. Robinson is obvious. It might be well again to show how obvious the distinction is by quoting, in the language of the appellant, the questions for decision by the court in that case as follows, to wit: "The questions for decision by the court are: (a) Is certiorari the proper proceeding? (b) Are the determinations of fact and law by the city council subject to review? If so, to what extent? (c) What construction is to be given that part of the statute providing for the exclusion of unplatted lands where a sewer outlet extends upon or over the same?" Further, it may be well to call attention to the brief of respondent in such case, namely, the Mogaard Case, wherein on page 21 an attack is made upon chap. 32, Laws 1921 (involved in this action) upon the ground that the same was special or class legislation in violation of the State Constitution. Also, attention may be called to a case cited by the appellant in such Mogaard Case, namely, the Red River Valley Brick Co. v. Grand Forks, 27 N. D. 8, 145 N. W. 725, wherein the following language from such case concerning judicial determination is quoted:—"The question as to whether the power conferred upon the city council has been legally exercised, whether the statute under which it acts is constitutional, what the effect of any irregularities or omissions in pursuing the method prescribed by the statute may be, and other similar questions, are for judicial determination. I am pleased to note that at least and at last one member signing the majority opinion of this court has expressed an opinion partially at least upon the merits of the cause submitted to this court."