THE STATE OF NORTH DAKOTA EX REL. ALBERT H. SITTE, Resident and Landowner of the Village of Abercrombie, Richland County, North Dakota, Respondent, v. M. M. BORMAN, Ole Olson, James Holkestad, as the Board of Trustees within and for the Village of Abercrombie, Appellants.

(199 N. W. 38.)

**Municipal corporations — determination of questions concerning detachment of territory conclusive.**

Under chapter 32, Laws 1921, the local governing bodies were clothed with exclusive power to determine all questions concerning the detachment and exclusion of territory from municipalities, and no provision was made for judicial review of their determinations on those questions, following Baker v. Lenhart, 50 N. D. 30, and State ex rel. Claver v. Broute, 50 N. D. 753.

Opinion filed May 3, 1924.

Municipal Corporations, 28 Cyc. p. 207 n. 1.

Appeal from the District Court of Richland County, *Allen,* J. Reversed.

*G. H. Korsvik* and *Lauder & Lauder,* for appellants.

*Purcell & Slattery* and *Wolfe & Schneller,* for respondent.

NUESSLE, J. The village of Abercrombie is a duly organized and existing village, and has been such for many years. The relator, Albert H. Sitte, petitioned the defendants and appellants as the board of trustees of such village to disconnect and exclude certain real estate belonging to him from the village. Such petition was drawn and presented in accordance with the provisions of chapter 32, Sess. Laws 1921. There is no question as to the sufficiency of the petition. The appellant board, after hearing, denied the petition. Thereupon this proceeding in mandamus was brought by the respondent to compel the appellants to grant the relief prayed for in the petition. The appellants resisted, a trial was had, and judgment entered awarding the respondent a peremptory writ of mandamus. From such judgment this appeal was taken.

This court has heretofore construed the statute (Sess. Laws 1921, chap. 32) here involved. We have held that by that statute the local governing bodies were clothed with exclusive power to determine all questions concerning the detachment and exclusion of territory from municipalities, and that no provision was made for judicial review of their determinations on those questions. See Baker v. Lenhart, 50 N. D. 30, 195 N. W. 16; and State ex rel. Claver v. Broute, 50 N. D. 753, 197 N. W. 871. Those cases are decisive of this appeal.

The judgment must be reversed.

CHRISTIANSON, JOHNSON, and BIRDZELL, JJ., concur.

BRONSON, Ch. J. (dissenting). I dissent upon the grounds and for the reasons set forth in the dissenting opinions in Baker v. Lenhart, 50 N. D. 30, 195 N. W. 16, and State ex rel. Claver v. Broute, 50 N. D. 753, 197 N. W. 871.