No. 32,001

THE HOME CAB COMPANY, *Appellant*, v. THE CITY OF WICHITA et al., *Appellees*.

No. 31,978

JACK MONK et al., *Appellees*, v. THE CITY OF WICHITA et al., *Appellants*.

No. 31,986

R. J. CHERRY et al., *Appellees*, v. THE CITY OF WICHITA et al., *Appellants*.

(36 P. 2d 1012)

Opinion filed November 3, 1934.

*George W. Cox, Lawrence Weigand* and *L. E. Curfman,* all of Wichita, for appellant The Home Cab Company.

*Vincent F. Hiebsch, K. W. Pringle, Glenn Porter* and *Dale M. Bryant,* all of Wichita, for appellee City of Wichita.

No appearance was made for appellees in cases Nos. 31,978 and 31,986.

The opinion of the court was delivered by

SMITH, J.: The case of *Home Cab Company v. The City of Wichita,* No. 32,001, is an action to enjoin the enforcement of an ordinance regulating the operation of taxicabs in Wichita. Judgment was for defendant. Plaintiff appeals.

The ordinance was passed April 18, 1932. Its provisions, in brief, are as follows:

It requires all taxicabs to be licensed; an application shall be made for the license, giving certain information as to the owner and operator of the cab, a description of the cab, together with other information as to its size and carrying capacity. The company shall carry personal liability insurance of not less than $10,-000 for injury or death to one person and $20,000 for injury or death to more than one person, and $2,000 property damage for each cab, or in lieu thereof, a bond, and a license shall be issued for each cab, which is to be kept in the cab, which license is not transferable. The ordinance further provides for certain specifications as to advertising on the outside of the cabs, cards with rates posted on the inside of the cab, and for certain safety devices; cabs are prohibited from carrying more persons than their seating capacity, and from allowing persons to ride in the front seat with its driver. A license fee of $25 per year is required, certain maximum rates are set, and the operator of the cab is required to give receipts to passengers. The ordinance further prohibits the taking of extra passengers after the first one engaging the cab, without the consent of the passengers; prohibits cruising; regulates taxicab stands and prohibits them from being established on certain streets where street-car or bus service is furnished. The use of solicitors on the sidewalks is prohibited, and furthermore, it is provided that where the driver operates a cab while under the influence of intoxicating liquor the license shall be forfeited. It provides penalties for the violation of its terms. This ordinance is referred to in the briefs as ordinance No. 11-180.

On May 16, 1932, an ordinance was passed amending the sec-

tion providing for the carrying of insurance or bonds to protect the public. The section prohibiting taxicab stands from being established on street-car or bus line was also clarified. This ordinance is referred to as No. 11-189. On December 17, 1932, the original ordinance was amended by a section which permitted either the insurance or a bond, or $5,000 deposited with the city treasurer and a $35,000 bond signed by the taxicab company itself. This ordinance is referred to as No. 11-252. On the 26th of December, 1932, the ordinance was again amended by the section raising the license fee from $25 to $60 a year.

This suit was then instituted. The validity of the ordinance was upheld in the case of *Peoples Taxicab Co. v. City of Wichita*, 140 Kan. 129, 34 P. 2d 545. The plaintiff in this case, however, urges that there are questions presented by the record in this case which were not before the court in that case. They will be considered here.

The first question argued is whether plaintiff has sufficient interest in the operation of taxicabs to bring the suit. This question was decided in favor of the company in *Peoples Taxicab Co. v. City of Wichita*, supra.

Plaintiff next points out that the license fee imposed by the ordinance is $60 a year, and that for the year 1933 the Yellow Cab Company paid a license of $30 on each of fourteen cabs and licenses were issued to them. Plaintiff argues that this conduct constitutes an unjust and illegal discrimination between persons in similar circumstances. It is argued that such conduct under the ordinance renders it invalid under the provisions of section 17 of article 2 of the constitution of the state. That section is as follows:

"All laws of a general nature shall have a uniform operation throughout the state."

The answer to that argument is that the arrangement with the Yellow Cab Company was made after the company had brought an action to enjoin the enforcement of the ordinance; had lost the case in district court and had appealed to the supreme court. The company paid the $30 for 1933, agreed to pay the license fee provided for 1934 and the appeal was dismissed. It was simply an arrangement whereby the city settled a lawsuit. Whether the city had authority to do this may not be questioned by plaintiff. The rule is that a city has power to settle or compromise taxes with property owners, and the fact that the city has settled with one taxpayer for a less amount than it offers to settle for with other tax-

payers does not entitle the other person to exemption from taxation. (See *Shuck v. City of Lebanon*, 24 Ky. L. R. 451, 68 S. W. 843; also *Ostrum v. City of San Antonio*, 30 Tex. Civ. App. 462, 71 S. W. 304.)

Plaintiff next argues that since the $60 license fee for a year per cab is nontransferable it is an occupation tax and that under the authority of *McKay v. City of Wichita*, 135 Kan. 678, 11 P. 2d 733, the city has no power to impose an occupation tax for the purpose of revenue. In the case of *Peoples Taxicab Co. v. The City of Wichita* this question was considered, and it was held that the ordinance was a regulatory measure. The fact the licenses are not transferable from one cab to another is a necessary provision so that the regulatory features may be enforced.

Plaintiff next argues that it is a public utility and that the license provided for by the ordinances in question is a franchise for the use of the streets of the city within the meaning of R. S. 13-2801. Plaintiff urges that under the provisions of that statute the ordinance should have been published in a newspaper for three consecutive weeks and should not have become operative for sixty days after its passage. This question was settled adversely to the claims of plaintiff in the Peoples Taxicab Company case. In that case this court examined the provisions of that section and held that it only applied to gas, electric light, telegraph and telephone, steam heat and railway companies, these being the companies named in the section. Plaintiff calls our attention to the provisions of the latter part of the section, which provide as follows:

"All contracts, grants, rights, privileges or franchises for the use of the streets and alleys of such city, not herein mentioned, shall be governed by all the provisions of this act."

He then calls attention to the following provision of the ordinance:

"But no driver of a taxicab shall refuse or neglect to convey any orderly person or persons anywhere in the city of Wichita, unless previously engaged or unable to do so."

The argument is that this provision takes the taxicabs out of the category of private business and places them in the class of public utilities. For this reason the terms of R. S. 13-2801 would apply. We cannot agree that the provision relied on has such far-reaching effect. The distinctive character of public utility companies is that once their property is committed to the public service it cannot be withdrawn therefrom without the consent of some pub-

lic body. (See *The State, ex rel., v. Postal Telegraph Co.*, 96 Kan. 298, 150 Pac. 544.) While it would appear that while a taxicab is operating the operator must pick up one who wishes to use it, no one would contend that a taxicab company might not suspend operations at any time it desired to do so without notice to anyone. Hence, the taxicab company is not a public utility and R. S. 13-2801 does not apply.

Plaintiff next argues that since the ordinance provides that the company must pay the license fee for each cab that it is a tax on property and not a tax on the business of operating a taxicab, and for that reason void. That question has been settled adversely to the claims of plaintiff heretofore in this opinion. The provision that there must be a license for each cab is just an incidental requirement to enable the city to enforce its ordinance.

Plaintiff next argues that it is engaged in the business of using motor-vehicle fuels and hence is exempt from any tax other than the tax it pays upon the gasoline it uses. The trouble with that argument is that the use of gasoline is only incidental to the real business of transporting passengers for hire, the purpose for which the plaintiff company was organized.

Plaintiff next argues that the ordinance deprives it of its property without due process of law on account of the unreasonableness of the license fee. This has been answered in the Peoples Taxicab Company case.

The cases of Jack Monk et al., Appellees, v. City of Wichita et al., Appellants (No. 31,978), and R. J. Cherry et al., Appellees, v. City of Wichita et al., Appellants (No. 31,986), are both cases brought to enjoin the enforcement of the ordinance under consideration here. In each of these cases judgment was for plaintiffs, granting a permanent injunction. The city has appealed in these cases and filed briefs and abstracts. Probably on account of the decision of this court in the case of *Peoples Taxicab Company v. City of Wichita*, supra, the plaintiffs did not appear in this court.

The judgment of the trial court will be affirmed in case No. 32,001, and reversed, with directions to dissolve the injunction, in Nos. 31,978 and 31,986. It is so ordered.