No. 32,152

THE CITY OF WICHITA, *Appellee*, v. THE HOME CAB COMPANY et al., *Appellants*.

(42 P. 2d 972)

Opinion filed April 6, 1935.

*George W. Cox, Lawrence Weigand* and *L. E. Curfman*, all of Wichita, for the appellants.

*Vincent F. Hiebsch* and *K. W. Pringle*, both of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for a declaratory judgment to determine the validity of a city ordinance and to restrain the defendants from violating its provisions. Involved with it was a cross action in which defendants alleged that the ordinance was subject to certain vitiating infirmities, and prayed that the city and its officials be enjoined from enforcing it.

The ordinance, No. 11-366, provided that no person should operate a taxicab in Wichita, nor should a license be issued for that purpose under earlier ordinances on the same subject, Nos. 11-180, 11-189, 11-252 and 11-254, until the city government should first decide that public convenience would be promoted thereby. Section 2 provided for the filing of an application for a license, a bond or insurance policy, and the payment of a license fee, before the city government would determine whether the public convenience and necessity required that such license be issued. Section 3 provided for a hearing on the application.

Section 4, in part, reads:

"Every person, firm, or corporation, actually engaged in the operation of taxicabs within the corporate limits of the city of Wichita, duly licensed under the provisions of the ordinances enumerated in section 1 hereof, and furnishing certain and dependable service, shall be presumed to be necessary to public convenience and such persons, firms, or corporations shall in the absence of evidence overcoming such a presumption, receive a certificate to operate a taxicab service within the corporate limits of the city of Wichita."

Any other provisions of the ordinance which may require attention will be noted as we proceed.

The city's petition alleged that defendants were engaged in business in Wichita by means of an arrangement whereby they had recruited the owners of a large number of automobiles to engage in the taxicab business and to pay a daily toll of their earnings to defendants in return for a telephone service, insurance, and various other considerations rendered by defendants.

The plaintiff city also alleged that through litigation defendants had stayed the hands of the city to enforce its ordinances regulating the operation of taxicabs and were prosecuting their business in the most congested streets of the city in disregard of the rules promulgated for the safety of traffic and pedestrians; that defendants were neither licensed nor had they paid the prescribed sums or any

other sums to obtain licenses; that defendants had declared that they would not apply for certificates or licenses under the provisions of the ordinance.

The city's petition concluded with a prayer for an adjudication of the validity of the ordinance and for an injunction against its violation by defendants.

In defendants' answer and cross petition they admitted that they paid no city license taxes. They also alleged that the ordinance in controversy, No. 11-366, violated the statutes and constitution of the state, and likewise violated the fourteenth amendment. Defendants also alleged that the ordinance was discriminatory in that it granted an exception in favor of all taxicab companies operating in Wichita which had ceased to litigate with the city about certain legal questions involved in its earlier taxicab ordinances. Defendants also alleged that the ordinance was designed and intended by the city to coerce defendants into foregoing their right to contest the validity of the earlier ordinances in litigation then pending, which litigation was being prosecuted in good faith to the supreme court of the United States.

In plaintiff's reply it was denied that any special or favorable discrimination in the exaction of license fees had been extended to the various taxicab companies operating in the city, other than defendants; but it was admitted that formerly existing controversies with such other taxicab companies had been compromised and settled by their payment of $60 for each taxicab license for the year 1933 in lieu of the $100 fee prescribed by the ordinance, and the city further replied that "Defendants were offered the same settlement, which offer was refused on the part of said defendants."

The trial court of three judges sitting *en banc* held the ordinance valid, but denied the injunctions prayed for by the litigants.

Defendants appeal, propounding for our review certain legal questions involved in the judgment.

First, it is contended that the city does not have the power to grant one or more companies the exclusive right to operate taxicabs in Wichita. But it does not appear that such right is being exercised by the city. Defendants assume that the city's only power to deal with such matters as those covered by the ordinance is prescribed by R. S. 1933 Supp. 66-196 and R. S. 13-2801. Neither of these statutes is relied on by the city to sustain its authority to enact the ordinance in controversy. The city's power to regulate

the use of the streets and to regulate, restrict, or license the use of taxicabs for hire is founded on various statutory provisions, including R. S. 12-101, 13-412, 13-413, and 13-910. These sections, under older designations, were cited in *Desser v. City of Wichita,* 96 Kan. 820, 822, 153 Pac. 1194, as sufficient authority for the regulation and licensing of "jitneys" by a Wichita city ordinance twenty years ago; and surely it cannot be contended that the city's governmental powers are less potent to-day than they were when the Desser case was decided. The rule announced in that case was followed in *Decker v. City of Wichita,* 109 Kan. 796, 202 Pac. 89; in *Peoples Taxicab Co. v. City of Wichita,* 140 Kan. 129, 34 P. 2d 545, and in *Home Cab Co. v. City of Wichita,* 140 Kan. 451, 36 P. 2d 1012.

Appellants, however, find a talking point against the ordinance in its use of some of the familiar language of the public utilities act touching the issuance of "certificates of convenience and necessity." They argue that this language clearly indicates that such an ordinance as would authorize and govern the issuance of such certificates must be a *franchise* ordinance which the city could only enact pursuant to R. S. 13-2801 and R. S. 1933 Supp. 66-196. This contention is incorrect. Even a casual reading of R. S. 13-2801 will show that it deals with the granting of franchises to public utilities desiring to serve the city with gas, light, power, street railways, telegraph and telephone lines. It has no concern with ordinances prescribing police regulations for the operation of taxicabs, which is the subject matter of present concern. R. S. 1933 Supp. 66-196 does not limit the city's authority to deal with traffic problems which arise or are intensified by a superabundance of taxicabs racing about its streets. Both these questions have already been decided adversely to the contentions of defendants. (*Home Cab Co. v. City of Wichita,* 140 Kan. 451, 36 P. 2d 1012.) R. S. 1933 Supp. 66-196 is a supplement to the general utilities act, and is not concerned with the regulation and control of taxicabs like those of defendants which run anywhere and everywhere in or out of the city, without having "fixed termini or over a regular route."

Counsel for defendants cite cases which declare that a certificate of convenience or license is in effect a franchise; and in a sense, of course, that is true; but when used in such a loose or general sense the term is not within the scope of the sort of franchise contemplated

by R. S. 13-2801, which requires franchise ordinances to be submitted to a popular referendum.

It is next contended that the ordinance leaves the granting or withholding of certificates of convenience, or licenses, to the unregulated will of the city government, uncontrolled by prescribed rules for its action. The ordinance, section 6, provides:

"In determining whether or not a certificate shall be issued, and licenses issued thereunder, the board of commissioners shall take into consideration the systems of transportation already operating, the probable congestion of traffic with an additional system of transportation, the question whether or not the existing systems of transportation are rendering the service required to meet the needs of the public, and all other facts which are necessary to determine whether or not public convenience and necessity require the operation of additional taxicab service within the corporate limits of the city of Wichita."

It seems that these prescribed rules to govern the action of the city authorities are about as definite as would be practicable to make them. They accord with the standard prescribed for the granting or withholding of similar certificates under the public utilities act (R. S. 1933 Supp. 6&-199), which has withstood repeated assaults upon its terms. (*Southern Kansas Stage Lines Co. v. Public Service Comm.*, 135 Kan. 657, 11 P. 2d 985, and citations.)

Defendants finally contend that ordinance No. 11-366 was designed to coerce one of these defendants into an abandonment of its litigation over some earlier ordinances dealing with the operation of taxicabs within the city. The ordinance does not say so. It is not fairly susceptible of that interpretation; and so far as the penalties of $100 per day are concerned, they would not accumulate while the validity of those ordinances, or of this one, was being diligently litigated in good faith before any competent court of original or appellate jurisdiction. (*City of Marysville v. Cities Service Oil Co.*, 133 Kan. 692, 3 P. 2d 1060.)

Some other matters are suggested in defendants' brief, but they are insufficient to establish prejudicial error in the judgment upholding the ordinance or in refusing the injunction prayed for against the city; and as the city does not complain of the trial court's refusing to grant the injunction it sought against the defendants, the judgment in all its parts will be affirmed. It is so ordered.