[File No. Cr. 128.]

IN THE MATTER OF THE APPLICATION OF WALDO BRYAN and Michael Fix for a Writ of Habeas Corpus.

(264 N. W. 539.)

Opinion filed January 20, 1936.

*Chas. L. Crum,* for petitioners.
*C. L. Foster,* for respondent.

MORRIS, J.   The petitioners were convicted of operating taxi cabs upon the streets of the city of Bismarck without having first obtained a license therefor under the provisions of ordinance No. 447 of said city. They were sentenced to jail and now apply to this court for a writ of habeas corpus upon the ground that they are unlawfully and illegally imprisoned because the ordinance in question is unconstitutional and therefore void.   By chapter 175, Session Laws, North Dakota, 1933, the state granted to cities the power "to license and regulate the operation of taxicabs, and fix their charges for services rendered wholly within the city."   The ordinance defines the term taxicab, requires an application for permission to operate taxicabs within the city, which must be accompanied by a fee of $15.00 for the first vehicle and $5.00 for each additional vehicle sought to be licensed, and provides that, "before granting any such license the board of city commissioners shall investigate the applicant both as to his moral and financial responsibility and the Board shall take into consideration in the granting of such license the public convenience and necessity and shall not grant additional licenses for the use of the streets of the city of Bismarck, when in their opinion the public convenience and necessity do not require that such additional licenses be granted."   The ordinance also

requires the filing of a liability insurance policy, and contains other regulations with which we are not here concerned.

Prior to their arrest the petitioners' application for a license had been denied by the city commission which found "that the moral responsibility of the applicants is such that they are not suitable persons to operate taxicabs in the city of Bismarck," and, "that the public convenience and necessity of the city of Bismarck do not require that additional taxicab services be available or that additional licenses be granted and that all of the needs of the public for taxicab service are fully met by the existing licensed taxicabs."

The appellant contends that the ordinance is not a regulatory measure enacted under police power, but is a tax measure which is violative of the following section of our State Constitution section 175: "No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied." In support of this contention the petitioners cite State v. Klcetzen, 8 N. D. 286, 78 N. W. 984, which held unconstitutional a legislative enactment entitled, "An act taxing the occupation of hawking and peddling, and regulating the licensing of persons engaged in such occupation." The act required a peddler to pay into the county treasury of each county in which he intended to operate, a license fee of $25.00 to travel on foot, $100.00 to travel and carry goods by means of a single horse or other beast, and $200.00 to travel with a vehicle drawn by two or more animals. The court held the act to be both a regulatory and a tax measure. After stating that, "If its chief purpose is clearly to regulate and nothing else, it then falls within the police power," the court dispells any doubt regarding the nature of the measure by referring to the title in the following language. "The title unmistakably shows the intention to tax as well as to regulate. We do not feel at liberty to override the express language of the law, as it would be necessary to do if we construed the same as a mere police regulation, to the exclusion of any idea of revenue." That case turns upon the express language of the legislature which stated that it was an act taxing the occupation of hawking and peddling. It does not support the petitioners' contention for if we turn to the title of the ordinance in question we

find that it is designated as, "An ordinance licensing and regulating automobiles, taxicabs," etc.

The petitioners contend that the fees required are excessive and unreasonable for the purposes of regulation and must therefore be considered to constitute a tax. The record here submitted discloses nothing which supports this contention. The fees are not so large as to be per se excessive. The presumption is that such regulatory fees are reasonable until the contrary appears. Huston v. Des Moines, 176 Iowa, 455, 156 N. W. 883; State v. Pepper, 70 Mont. 596, 226 P. 1108; State ex rel. Bozeman v. Police Ct. 68 Mont. 435, 219 P. 810; 17 R. C. L. 537; Goer v. Taylor, 51 N. D. 792, 200 N. W. 898.

The petitioners contend that the ordinance is unconstitutional because it vests arbitrary discretion in the city commission to issue or withhold licenses without setting up sufficient standards and limitations for the exercise of the power thus delegated, and that the ordinance is class legislation and tends to create a monopoly. The general rule is that an ordinance which vests arbitrary discretion in public officials to license an ordinarily lawful business must prescribe uniform rules of action governing the exercise of such discretion. This rule is supported by the leading case of Yick Wo v. Hopkins, 118 U. S. 356, 30 L. ed. 220, 6 S. Ct. 1064, and an abundance of other authority. See 12 A.L.R. 1436, note.

No one can assert an inherent right to appropriate the public streets as a place of business. Hadfield v. Lundin, 98 Wash. 657, 168 P. 516, L.R.A.1918B, 909, Ann. Cas. 1918C, 942; Melconian v. Grand Rapids, 218 Mich. 397, 188 N. W. 521; Barney v. Board of Railroad Comrs. 93 Mont. 115, 17 P. (2d) 82; Hodge Drive-It-Yourself Co. v. Cincinnati, 284 U. S. 335, 76 L. ed. 323, 52 S. Ct. 144.

The ordinance of which the petitioners complain requires the board of city commissioners to investigate the applicant as to his moral and financial responsibility. The petitioners seek a more extensive privilege than that which is common to all citizens. They desire something more than the right to travel upon the streets and transport their property thereon in the ordinary course of pleasure and business. They seek to use the streets of the city of Bismarck not incidentally, but as a principal means of conducting their business. Under the powers conferred

upon cities it is within the legislative discretion of the city commission to delegate to designated city officials power to determine the moral and financial responsibility of persons seeking special privileges in the use of city streets. Such responsibility is a reasonable standard and the ordinance is not unconstitutional because it requires the commission acting in an administrative capacity to exercise discretion in determining whether or not the applicants meet such standard.

The ordinance also requires the board of city commissioners to take into consideration the public convenience and necessity. Since the streets are maintained by and for the use of the public, it is proper that the convenience and necessity of the public should be considered in connection with granting permission to use them as places of business. The delegation of power complained of involves no natural right of the petitioners, but merely a privilege which is extraordinary in its nature and not one common to citizens generally. Under such circumstances the standards may be such as to require broad discretion in their application. Wichita v. Home Cab Co. 141 Kan. 697, 42 P. (2d) 972; Racine v. District Ct. 39 R. I. 475, 98 A. 97.

The ordinance is not subject to attack as class legislation. It does not confer a class privilege or deprive any person or class of persons of a personal or property right. It does not confer upon the city commission arbitrary power such as that condemned in the case of Yick Wo v. Hopkins, 118 U. S. 356, 30 L. ed. 220, 6 S. Ct. 1064, supra, but vests in it authority to exercise discretion in permitting the use of city streets for private gain under standards designed to promote public safety and convenience. It does not violate the Fourteenth Amendment to the Federal Constitution either as to the clause requiring due process of law or that providing for the equal protection of the laws. Gundling v. Chicago, 177 U. S. 183, 44 L. ed. 725, 20 S. Ct. 633; Capitol Taxi Cab Co. v. Cermak (D. C.) 60 F. (2d) 608.

Writ denied.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ., concur.