[File No. 6561.]

WALDO BRYAN and J. R. Bryan, Copartners, Doing Business under the Name and Style of Economy Cab Company, Successors of and Formerly Known as U-Drive Car Company, Appellants, v. OBERT OLSON, as Mayor, H. E. Spohn, H. T. Perry, J. B. Smith and E. B. Klein, as Commissioners, and William Ebeling, as Chief of Police, of the City of Bismarck, Burleigh County, North Dakota, Respondents.

(282 N. W. 405.)

Opinion filed November 10, 1938.

*Charles L. Crum,* for appellants.
*Charles Foster,* for respondents.

NUESSLE, J. This proceeding was instituted in the district court of Burleigh county to procure a review of the action of the city commission of the city of Bismarck in denying plaintiffs' application for a license to operate taxicabs. After a hearing the court dismissed the proceeding. Thereupon the plaintiffs perfected the instant appeal.

The facts may be stated as follows: The plaintiffs, residents of the city of Bismarck, applied to the city commission for a license to maintain and operate a taxicab service within the limits of said city. Thereafter at a session of the commission the plaintiffs appeared in person and by counsel and were heard in support of their application. At the same time representatives of taxicab operators, then licensed and operating as such in the city, appeared and opposed the application. The commissioners heard arguments on both sides and after consideration denied the application. Thereupon the plaintiffs applied to the district court for a writ to review the action of the commission. The court ordered the commissioners to show cause why their order denying the application should not be set aside and the application be granted, and, in that behalf, required that the proceedings with respect to the matter be certified up. Complying with this order the commission certified its proceedings together with a showing as to what had taken place in relation thereto. A hearing on this record was had before the district court. The plaintiffs appeared in person and by counsel. They were sworn and testified. It does not appear from the record certified what reasons were assigned for the denial of the plaintiffs' application but it was conceded in the district court that the sole ground therefor was that the public convenience and necessity did not require that it should be granted. The district court found that this was the ground of the denial and held that the commission had not acted arbitrarily in the exercise of its discretion with respect to the matter and therefore the court had no jurisdiction to disturb the commission's action.

Chapter 175, Session Laws 1933, provides that

"The city council or board of city commissioners of each city created, organized, and existing under the laws of this state shall have and enjoy the following additional powers:

First: To license and regulate the operation of taxicabs, and fix their charges for services rendered wholly within the city.

.   .   .   .   .   .   .   .   .   .   .   ."

Pursuant to this statute the city of Bismarck enacted its ordinance No. 447, which, among other things relating to licensing and regulating the operation of taxicabs, provides that: "Before granting any such license the Board of City Commissioners shall investigate the applicant both as to his moral and financial responsibility and the Board shall take into consideration in the granting of such license, the public convenience and necessity and shall not grant additional licenses for the use of the streets of the City of Bismarck when in their opinion the public convenience and necessity do not require that such additional licenses be granted. . . ."

This ordinance was considered in Re Bryan, 66 N. D. 241, 264 N. W. 539, and was sustained as against a challenge to its constitutionality. We there said with respect to that portion of the ordinance hereinbefore quoted:

"The ordinance also requires the board of city commissioners to take into consideration the public convenience and necessity. Since the streets are maintained by and for the use of the public, it is proper that the convenience and necessity of the public should be considered in connection with granting permission to use them as places of business. The delegation of power complained of involves no natural right of the petitioners, but merely a privilege which is extraordinary in its nature and not one common to citizens generally. Under such circumstances the standards may be such as to require broad discretion in their application. Wichita v. Home Cab Co. 141 Kan. 697, 42 P. (2d) 972; Racine v. District Ct. 39 R. I. 475, 98 A. 97.

"The ordinance is not subject to attack as class legislation. It does not confer a class privilege or deprive any person or class of persons of a personal or property right. It does not confer upon the city commission arbitrary power such as that condemned in the case of Yick Wo v. Hopkins, 118 U. S. 356, 30 L. ed. 220, 6 S. Ct. 1064, supra, but vests in it authority to exercise discretion in permitting the use of city streets for private gain under standards designed to promote public safety and convenience. It does not violate the Fourteenth Amendment to the Federal Constitution either as to the clause requir-

ing due process of law or that providing for the equal protection of the laws. Gundling v. Chicago, 177 U. S. 183, 44 L. ed. 725, 20 S. Ct. 633; Capitol Taxicab Co. v. Cermak (D. C.) 60 F. (2d) 608."

The plaintiffs seek a grant of the right to carry on their business for profit on the streets of the city of Bismarck. This is a privilege extraordinary in its nature and not one common ot citizens generally. Chicago Motor Coach Co. v. Chicago, 337 Ill. 200, 169 N. E. 22, 66 A.L.R. 834. Prior to the time of making their application for a license plaintiffs had not been legally engaged in operating taxicabs. The board of city commissioners was clothed under the statute and the ordinance with a broad discretion to be used in determining whether such a privilege should be granted. Thus it was the duty of the commissioners to determine a question of fact, that is, as to whether the public convenience and necessity required that additional licenses to operate taxicabs should be granted. The only restriction upon them in doing this was that they should not act arbitrarily. They had, of course, to take into consideration the population of the city, the requirements of its inhabitants in the way of taxicab service, the condition of its streets, the traffic thereon, the number of taxicabs then in operation under licenses theretofore granted, and, generally, all of the facts pertinent to this question of necessity and convenience. To that end they had a hearing and afforded the applicants an opportunity to present such showing as they desired to make with respect to the matter. They likewise heard those who might be opposed to the granting of additional licenses. They then exercised their judgment and discretion and determined against the granting of the license. And it cannot be said, considering the record, that they acted arbitrarily or unreasonably in doing so. Accordingly the trial court in effect held that since the commissioners were clothed by the ordinance with the power to pass upon the application and determine whether it should be granted, and the ordinance was constitutional and valid, their action in that regard could not be disturbed in this proceeding.

Section 8445, Supplement to the 1913 Compiled Laws, provides: "A writ of certiorari shall be granted by the supreme and district courts, when inferior courts, officers, boards or tribunals have exceeded their jurisdiction and there is no appeal, nor, in the judgment of the

court, any other plain, speedy and adequate remedy, and also when in the judgment of the court it is deemed necessary to prevent miscarriage of justice."

The plaintiffs did not denominate this proceeding. But they set out the facts upon which they relied and asked for appropriate relief. The trial court, we think properly, considered the proceeding as one in certiorari, brought pursuant to the provisions of § 8445, supra. We have on numerous occasions construed and applied this section of the statute. See Livingston v. Peterson, 59 N. D. 104, 228 N. W. 816, and the cases there cited. In Livingston v. Peterson we said: "It is well settled the writ will lie when the board has exceeded its jurisdiction. 'It follows that it will not lie to review the sufficiency or the insufficiency of the evidence.' State ex rel. Wehe v. Frazier, 47 N. D. 314, 321, 182 N. W. 545; Fuller v. Board of University & School Lands, 21 N. D. 212, 221, 129 N. W. 1029. As we said in State ex rel. Noggle v. Crawford, 24 N. D. 8, 11, 138 N. W. 2, under the plain language of § 8445 of the Compiled Laws of 1913 'a writ of certiorari may be granted only in cases where such inferior courts, officers, board or tribunals have exceeded their jurisdiction.' It cannot be correctly said that the court had (in this case the board) exceeded its jurisdiction in making the order. At most, such order was merely erroneous.' The provision 'when in the judgment of the court it is deemed necessary to prevent miscarriage of justice' added to § 8445 of the Compiled Laws by chapter 76 of the Session Laws of 1919, does not extend the writ to a review of the discretion of the board. The court will review by certiorari when there is no appeal, no speedy and adequate remedy, and when necessary to prevent miscarriage of justice. It does not extend the scope of the writ. State ex rel. Wehe v. Frazier, 47 N. D. 314, 321, 182 N. W. 545, supra; Baker v. Lenhart, 50 N. D. 30, 195 N. W. 16; State ex rel. Claver v. Broute, 50 N. D. 753, 197 N. W. 871; State ex rel. Craig v. North Dakota Workmen's Comp. Bureau, 53 N. D. 649, 207 N. W. 555; and Bishop v. Depositors Guaranty Fund Commission, 55 N. D. 178, 212 N. W. 828, were decided under this statute and with this amendment in mind. We held that 'no matter how erroneous the decision may be, even on the face of the record, the reviewing court has no power to change, annul or reverse it in a proceeding in certiorari.' See Baker v. Len-

harf, 50 N. D. 30, 195 N. W. 16, supra; State ex rel. Claver v. Broute, 50 N. D. 753, 759, 197 N. W. 871."

The foregoing language exactly fits the instant case and is determinative of it. See also Martin v. Morris, 62 N. D. 381, 243 N. W. 747; State ex rel. Olson v. Welford, 65 N. D. 522, 260 N. W. 593. Affirmed.

CHRISTIANSON, Ch. J., and SATHRE, MORRIS and BURR, JJ., concur.